LARAMIE RIVER CONSERVATION COUNCIL, Appellant (Applicant below),

v.

Blaine E. DINGER, Director, Office of Industrial Siting Administration, Appellee (Respondent and Cross-Appellant below).

No. 4719.

Supreme Court of Wyoming.

Aug. 9, 1977.

Dennis C. Stickley, Law Student, and Harley J. McKinney, Supervising Atty., Laramie, signed the brief and Dennis C. Stickley appeared in oral argument for appellant.

V. Frank Mendicino, Atty. Gen., Marilyn S. Kite, Senior Asst. Atty. Gen., and Steve F. Freudenthal, Asst. Atty. Gen., Cheyenne, signed the brief, and Steve F. Freudenthal appeared in oral argument for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

This case involves an interpretation of legislative acts pertaining to public records and public meetings, popularly known as sunshine laws. As an off-shoot of an administrative appeal taken by the applicant-appellant here from a decision of the Wyoming Industrial Siting Council, granting the Basin Electric Power Cooperative authority to build certain units of a power plant under development in Platte County, the applicant filed an action in the Laramie County District Court to compel the respondent-appellee to furnish a copy of a transcript of related proceedings held at a public meeting of the council to consider the granting of the permit. The trial judge denied the relief sought. The issue is whether the transcript is exempt from inspection and copying under § 9–692.3(b)(v), W.S.1957, 1975 Cum.Supp., as an interagency memorandum, as found by the district court. We will reverse.

On December 12, 1975, the Industrial Siting Council received a permit application from Basin Electric Power Cooperative for the construction of a Laramie River Station and associated facilities in the Wheatland area. On December 15, 1975, appellant, a non-profit Wyoming corporation representing approximately 50 Platte County families and 35 ranch and farm operations, became a party to the permit proceeding, pursuant to § 35–502.85(a)(iii), W.S.1957, 1975 Cum.Supp., of the Wyoming Industrial Information and Siting Act.[1] By statute all hearings on facilities as proposed by the Basin Electric Power Cooperative are required to be held, "at a community as close as practicable to the proposed facility." §§ 35–502.82(b)(iv) and 35–502.84(e).

Prior to the final decision to issue the permit on April 29, 1976, the Industrial Siting Council met in public session on the permit application at a remote site, the Ramada Snow King Inn, Jackson, Wyoming, on April 9 and 10, 1976. In accordance with the provisions of the public meetings law, §§ 9–692.10, et seq., W.S.1957, 1975 Cum.Supp., notice of the meeting was mailed to the appellant. Attending the meeting in Jackson, along with members of the council and their staff, were members of the press, public and representatives of the Laramie River Conservation Council.

Upon the instructions of the respondent and appellee here, the director of the Industrial Siting Administration, a tape recording was made of that public meeting, and subsequently transcribed at his direction. After the meeting, applicant's request for a copy of the transcript was denied.

Applicant renewed its request for a copy of the transcript on May 4, 1976, citing the Public Records Act, § 9–692.1, et seq., W.S. 1957, 1975 Cum.Supp. Respondent again denied the request on May 8, 1976. Following shortly thereafter came this action to compel availability of a copy. Denial of access was based upon the respondent's claim that the transcript was an interagency memorandum, was privileged or confidential and its release would do substantial injury to the public interest.

With respect to interagency memoranda, the Wyoming State statute, upon which the district court's ruling was based, is similar to 5 U.S.C. 552(b)(5) of the federal Freedom of Information Act. Wyoming's Public Records Act, § 9–692.3(b)(v), reads:

"(b) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground

---

1. Section 35–502.85(a)(iii) provides in pertinent part:

"(a) The parties to permit proceeding include:

\* \* \* \* \* \*

"(iii) Any person residing in a local government entitled to receive service of a copy of the application under W.S. 35–502.82(a)(i) and any nonprofit organization with a Wyoming chapter, concerned in whole or in part to promote conservation or natural beauty, to

protect the environment, personal health or other biological values, to preserve historical sites, to promote consumer interests, to represent commercial and industrial groups, or to promote the orderly development of the areas in which the facility is to be located. In order to be a party the person or organization must file with the office a notice of intent to be a party not less than ten (10) days before the date set for the hearing."

that disclosure to the applicant would be contrary to the public interest;

\* \* \* \* \* \*

"(v) Interagency or intraagency memorandums or letters which would not be available by law to a private party in litigation with the agency."

5 U.S.C. 552(b)(5) reads:

"(b) This section does not apply to matters that are—

\* \* \* \* . \* \*

"(5) Inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

■ The policy and dominant object of the Freedom of Information Act is on disclosure, not secrecy. Exemptions, therefore, are to be construed narrowly. *Department of Air Force v. Rose*, 1976, 425 U.S. 352, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11; *National Labor Relations Board v. Sears, Roebuck & Co.*, 1975, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29; *Renegotiation Board v. Grumman Aircraft Engineering Corporation*, 1975, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57; and *Environmental Protection Agency v. Mink*, 1973, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119. We hold that analysis to be applicable to Wyoming's Public Records Act.[2] The legislature of this state has stressed the importance of making available to the public records, books and files of state agencies. A showing of need is unnecessary to obtain access to public records and a criminal penalty is provided for those custodians who deny access.

The Wyoming Industrial Information and Siting Act, §§ 35–502.75, W.S.1957, 1975 Cum.Supp., provides especially for public participation in the decisions on projects such as the Laramie River Station. Indeed, a purpose of establishing the Industrial Siting Council and Administration was to receive from and disseminate to Wyoming citizens information upon which future industrial growth can be intelligently developed. Restricting disclosure effectively cuts off the flow of such information and therefore should be done only when the requirements of a particular exemption are strictly met.

The respondent agency director attempts by a process of metamorphosis to change the transcript into an exempt interagency memorandum by claiming he directed the tape recording to be made solely in order that members of the professional staff not at the session may "gain some insight into the council's thought processes as they dealt with some of the complex issues that were before the council." By his reasoning then, the transcript became only an office memorandum under § 9–692.1(b)(ii), W.S.1957, 1975 Cum.Supp.:

"The term 'office files and memoranda' shall include \* \* \* *all documents and reports made for the internal administration of the office to which they pertain but not required by law to be filed or kept with such agency;* and all other documents or records, determined by the records committee to be office files and memoranda." (Emphasis added.)

The next step then in his mutation theory is that it would not be available under the exception to inspection of § 9–692.3(b)(v).

■ We have difficulty with that rationale because the taped proceedings were conducted as part of a contested case under the provisions of the Wyoming Administrative Procedure Act, §§ 9–276.19, et seq., W.S. 1957, 1975 Cum.Supp., as required by § 35–502.86 of the Wyoming Industrial Information and Siting Act. Both acts require the keeping of a complete record.

Contested case procedure, as established by the legislature, requires "[T]he proceeding including testimony shall be reported verbatim stenographically or by any other

---

**2.** Section 9–692.2(a) provides that:

"*All* public records *shall* be open for inspection by any person at reasonable times, \* \* \*" (Emphasis added.) The statute then goes on to provide reasonable controls for record protection and undue interference with the work of the office concerned. Section 9–692.4 provides for furnishing copies if the inspection is allowed and provision is made for payment of costs associated with making duplicates.

appropriate means determined by the agency or the officer presiding at the hearing." A transcript of the proceeding must be made available to any party upon request and payment of costs. § 9–276.25(n), (o). It would appear then that the recording of the hearing, in the absence of any other verbatim report, was required by law to be made and kept on file by the agency. That requirement alone takes the transcript outside of the scope of the public records law classification of memoranda.[3]

The meeting was called strictly for the purpose of deliberating upon and making the agency's collective decision upon all the evidence and argument presented at previous hearings. The application of Basin had been taken under advisement and no further presentations of any sort by the applicant or others were permitted. We are not called upon to determine whether the particular session in question was required to be held in public on notice. The respondent concedes that it was by virtue of it being an agency within the purview of the Wyoming public meetings law,[4] requiring all agencies to hold all meetings open to the public with some exceptions. No claim is made that the agency was in closed executive session or even could be.

■ The memoranda exception must be applied with some common sense. Merely putting something into a bundle of paper, labeled a "memorandum," does not make it so. *Bristol-Myers Company v. Federal Trade Commission*, 1970, 138 U.S.App.D.C. 22, 424 F.2d 935. To claim that the proceedings were confidential is absurd when all the public, including news media, from everywhere was invited to attend and listen. This becomes even more obvious when we observe from the record that another party to the proceeding and represented at the meeting, the Powder River Basin Resource Council, was permitted, without objection, to set up its own microphone and tape-recording equipment for the purpose of taking and keeping its own record.

■ We are not moved by the argument that some members of the commission of the agency might be embarrassed and what is said used for adverse publicity and, therefore, do injury to the public interest. We must remind that persons in possession of powers of government in our form of democracy must accept that possible fate. There is a well-known expression applied to those in public office, "If you can't stand the heat, you'd better stay out of the kitchen." Confrontation has a salutary effect and causes those in positions of public responsibility to practice thoughtfulness and wisdom in their utterances and carefully weigh their decisions. Paraphrased from *Environmental Protection Agency v. Mink*, supra, such disclosure acts are broadly conceived to permit access to information long shielded unnecessarily from public view and create judicially enforceable rights to secure information from possibly unwilling hands. The disclosure acts promote within the agencies affected a sensitiveness to the needs of the public and make democratic government function in a modern society. With some necessary exceptions, recognized by Wyoming's records and meetings acts, state agencies must act in a fishbowl. The issue before us does not fall within such exceptions.

We know nothing about nor are we in this case concerned with the merits of the contested hearing. The applicant was authorized by the Industrial Information and Siting Act to be a party to the proceedings,

---

**3.** Reporting public hearings verbatim benefits both the agency and the parties contesting the permit. Where, as here, the hearing was held at a considerable distance from the area affected by the development, it would be a heavy burden to force the really interested parties to travel the breadth of Wyoming. Although we make no finding on this particular point, we note that §§ 35–502.82(b)(iv) and 35–502.84(e), W.S.1957, 1975 Cum.Supp., cited are provisions designed to prevent this situation. Just

as respondent desired and needed a means to acquaint absent staff members with the proceedings, applicant required a verbatim report to inform its absent members and also for preparation of its position in the administrative appeal it had taken.

**4.** Sections 9–692.10, et seq., W.S.1957, 1975 Cum.Supp.

to appeal the council's decision as an aggrieved party and advise its members of council action, even in the absence of an appeal. Those rights cannot be denigrated by a niggardly view of the objects and purposes of legislatively-required disclosure.

Reversed with directions that the district court vacate its order denying a copy of the transcript and the respondent be by appropriate order instructed to furnish a copy to applicant upon payment of any lawfully required fees.