**RECORD–TIMES, INC., Appellant (Defendant),**

v.

**TOWN OF WHEATLAND, PLATTE COUNTY, Wyoming, a municipal corporation, Appellee (Plaintiff).**

**No. 5696.**

Supreme Court of Wyoming.

Sept. 7, 1982.

---

Eric M. Alden, Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

Frank J. Jones, Wheatland, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

This appeal stems from a denial of appellant Record-Times, Inc.'s counterclaim for a declaratory judgment. Originally an action was brought by the town of Wheatland in which the town sought to permanently enjoin the appellant from publishing the names and salaries of town employees. In answering this complaint, the appellant asked the district court to declare that, pursuant to the provisions of § 15–1–110, W.S. 1977,[1] the town was required to publish, along with the minutes of each meeting of the town council, the names and salaries of each employee. Later the town abandoned its claim for injunctive relief and a trial was held on the counterclaim alone. When all the evidence was in, the trial judge denied the requested relief and held that the language of § 15–1–110, W.S.1977 did not require the town to include the individual names and salaries of each employee in the minutes submitted to the appellant newspaper for publication. As a result of the trial court's action, the following question is presented for our determination:

> Does the language of § 15–1–110, W.S. 1977 require that cities and towns include an individual listing of employee salaries in the minutes of council meetings which are submitted to the designated paper for publication?

---

1. Section 15–1–110, W.S.1977 provides:

   "The governing body of each city and town shall designate a legal newspaper and publish once the minutes of all its regular and special meetings and the titles of all ordinances passed. If no newspaper is published in the city or town the proceedings or ordinances need not be published. The clerk of each city or town, within forty-eight (48) hours after the adjournment of every meeting, shall furnish the newspaper a copy of the proceedings of the meeting. The copy shall include every bill presented to the governing body showing the amount of the bill, the amount allowed, the purpose of the bill and the claimant."

We will answer the question in the affirmative and reverse.

## FACTS

Prior to July 5, 1955 the town of Wheatland had published, along with the regular minutes of council meetings, an individual listing of town employees and their salaries. Since that date, Wheatland has operated under a system whereby the clerk-treasurer compiles a list of employees and their salaries and submits the salaries in lump-sum form to the council for approval. Upon council approval, these salaries are paid out of the town's general fund as are most other bills approved by the council. All of the individual time sheets and other records utilized in computing the total payroll figure are available for scrutiny by council members as well as by the general public. This practice had apparently gone on without question until the present dispute arose when the town sought to enjoin the publication of an individual listing of employees and their salaries, and the newspapers responded with a counterclaim under § 15-1-110, W.S.1977.

## THE CONTENTIONS

With respect to the issue raised by the parties, the following arguments are presented in support of their various positions. First, the appellant newspaper argues that the language of § 15-1-110, W.S. 1977 requires that "every bill" (see: § 15-1-110, supra n.1) presented to the council be published and, since the employee is the claimant presenting a "bill", the town must therefore include with the minutes of the meetings a list consisting of every employee presenting a salary "bill" for payment together with the amount approved for his or her individual salary. It is also argued that since the terms of the statute are unambiguous, we must pay heed to the intent expressed therein and are not free to speculate about what the statute means. The appellee town, on the other hand, argues that the language of § 15-1-110 simply requires that "every bill" as presented to the council be published and, therefore, the town is free to present the payroll in lump-sum form and need only publish that amount. The town then suggests that the term "claimant", as utilized by the legislature, refers to the individual presenting the claim to the council who, in this case, is the town's clerk-treasurer and not the individual employee. The appellee town also urges that this intent is expressed unambiguously by the legislature in § 15-1-110, W.S.1977 and we cannot rely on rules of construction to reach a contrary result.

Our review of each of the arguments and the language of § 15-1-110 convinces us that the appellant Record-Times presents the correct position.

## THE LAW

This dispute involves a matter of statutory interpretation and therefore we will rely upon the following familiar rules. As we have said, in construing a statute, we must, if possible, ascertain the intent of the legislature from the wording of the enactment, and we cannot assign a meaning to a statute if the language requires otherwise. *Wyoming State Board of Education v. Barber*, Wyo., 649 P.2d 681 (1982); *Wyoming State Treasurer v. City of Casper*, Wyo., 551 P.2d 687 (1976); *Oroz v. Hayes*, Wyo., 598 P.2d 432 (1979). Also, if the statute is plain and unambiguous in the language used, there is, then, no room for resort to other rules of construction, and the expressed intent must be given effect. *Board of County Commissioners of Campbell County v. Ridenour*, Wyo., 623 P.2d 1174 (1981); *State v. Sinclair Pipeline Company*, Wyo., 605 P.2d 377 (1980); *Wyoming State Treasurer v. City of Casper*, supra. Finally, in determining whether or not a statute is ambiguous we must first look to the words utilized, giving each and every one of them their plain and ordinary meaning. *Wyoming State Board of Education v. Barber*, supra; *Board of County Commissioners v. Ridenour*, supra; *Jahn v. Burns*, Wyo., 593 P.2d 828 (1979). With these rules in mind, we will now discuss the pertinent provisions of § 15-1-110.

What does the statute say? First of all § 15–1–110, W.S.1977, supra n.1, requires "the governing body" of each Wyoming municipality to designate a newspaper for the purpose of publishing therein the minutes of each council meeting. This aspect of the statute is not in dispute here as the town of Wheatland has designated the appellant as the newspaper in which all minutes will be published. Next, § 15–1–110 requires the town clerk to provide the necessary information to the newspaper within 48 hours of adjournment of a meeting. Finally, the legislature has designated in specific terms that the copy of the proceedings as submitted for publication "shall" include the following:

"* * * *every bill presented to the governing body showing the amount of the bill, the amount allowed, the purpose of the bill and the claimant.*" § 15–1–110, W.S.1977. (Emphasis added.)

This quoted portion of § 15–1–110, W.S. 1977 is the portion which is in dispute. We agree with the appellant that § 15–1–110 unambiguously requires the town clerk to include with the minutes (1) every bill; (2) the amount of the bill; (3) the amount approved by the council; (4) the bill's purpose; and (5) the claimant. These requirements clearly encompass a listing of each individual employee, the amount he claims as salary, and the amount approved by the council for payment of his or her claim. We conclude this because § 15–1–110 requires the publication not only of "every bill" but also of the name of the "claimant" for whom the bill is to be approved and to whom it is to be paid. The statute does not say, as the town suggests, that the name of the "presenter of the bill" is to be published, but rather the name of the "claimant." In this instance it is clear that each individual employee is the "claimant" because he or she is the individual for whom the specific sum is approved and paid.[2] It is anoma-

lous for the town to assert that the town's clerk-treasurer can be viewed as the "claimant" because he certainly has no claim or personal right to each individual employee's salary but only to his own.[3] If the legislature had intended that only the name of the "presenter" be published it would or could have said so, but, instead, the legislature chose to require the publication of "every bill" and the name of the person claiming the same. Under this unambiguous language, we must hold § 15–1–110 to require the town in its copy of the minutes to include a list of each individual employee and the amount paid to him or her for performance of that individual's duties.

We are mindful of the implications associated with a decision contrary to the one we have reached, because underlying the main issue in this case is the question of public access to public information. Our concern finds its genesis in the town's original attempt to enjoin the appellant newspaper from publishing a list of employees and their salaries. Such an effort by a Wyoming municipality gives us pause because we are certain that the intent of the legislature in enacting § 15–1–110 was to insure that the business of each municipality in Wyoming would be subject to public scrutiny with respect to the expenditure of funds for all acquired debts. The legislature has on several other occasions expressed the need for maintaining an open and accountable government. Examples of this intention are the enactment of the Public Records Act (§§ 9–9–101 to 9–9–105, W.S.1977, 1982 Cum.Supp.) and the open meetings statutes (§§ 9–11–101 to 9–11–107, W.S. 1977). We said in *Laramie River Conservation Council v. Dinger*, Wyo., 567 P.2d 731, 734 (1977):

"We are not moved by the argument that some members of the commission of the agency might be embarrassed and what is

---

**2.** As the American Heritage Dictionary of the English language suggests, a "claimant" is a person making a "claim," and a "claim" is defined as "To demand as one's due; assert one's right to." Or "A demand for something as one's rightful due; * * *."

**3.** We also take cognizance of the fact that for all other bills the town includes the information required by § 15–1–110, and only operates under a different approach for the payroll appropriations.

said used for adverse publicity and, therefore, do injury to the public interest. We must remind that persons in possession of powers of government in our form of democracy must accept that possible fate. There is a well-known expression applied to those in public office, 'If you can't stand the heat, you'd better stay out of the kitchen.' Confrontation has a salutary effect and causes those in positions of public responsibility to practice thoughtfulness and wisdom in their utterances and carefully weigh their decisions. Paraphrased from *Environmental Protection Agency v. Mink*, supra, such disclosure acts are broadly conceived to permit access to information long shielded unnecessarily from public view and create judicially enforceable rights to secure information from possibly unwilling hands. The disclosure acts promote within the agencies affected a sensitiveness to the needs of the public and make democratic government function in a modern society. With some necessary exceptions, recognized by Wyoming's records and meetings acts, state agencies must act in a fishbowl. * * * "

We have recently ordered our own court open to all television media and, in addition, we have called attention on several occasions to the need for the protection of the public's right of access to court proceedings. We have said that such access should only

be limited in exceptional circumstances.[4] See: *Williams v. Stafford*, Wyo., 589 P.2d 322 (1979); *State ex rel. Feeney v. District Court of the 7th Judicial District*, Wyo., 607 P.2d 1259 (1980). The reason for openness and accountability in all phases of government cannot be stated any better than it was in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980):

> "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." 448 U.S. at 572, 100 S.Ct. at 2825.

We believe the same ideas and doctrines, long recognized as a cornerstone of our form of government, are a basis for the requirements expressed in § 15–1–110, W.S.1977.

In light of the conclusions reached herein we hold that, under § 15–1–110, the town of Wheatland is required to include a list of employees and salaries with the minutes of council meetings submitted for publication.

Reversed.

---

**4.** The United States Supreme Court has recognized that the public's right of access to court proceedings and other areas of government is a constitutionally protected one. *Globe Newspaper Company v. Superior Court for the County* of Norfolk, 449 U.S. 894, 101 S.Ct. 259, 66 L.Ed.2d 124 (1980); *Gannett Co. v. DePasquale*, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979).