2011 WY 55

**LARAMIE COUNTY SCHOOL DISTRICT NO. ONE, Appellant (Defendant),**

v.

**CHEYENNE NEWSPAPERS, INC., d/b/a Wyoming Tribune Eagle, and D. Reed Eckhardt, Appellees (Plaintiffs).**

No. S–10–0221.

Supreme Court of Wyoming.

March 29, 2011.

Representing Appellant: David Evans, Richard D. Bush, and Kristi Radosevich of Hickey & Evans, LLP, Cheyenne, Wyoming. Argument by Mr. Bush.

Representing Appellees: Michael J. Krampner and Ian K. Sandefer of Krampner, Fuller & Associates, Casper, Wyoming. Argument by Mr. Sandefer.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶1] Laramie County School District Number One (District) appeals from the district court's summary judgment in favor of Cheyenne Newspapers, Inc., d/b/a Wyoming Tribune Eagle, and D. Reed Eckhardt (Newspaper). As the parties agreed that no genuine issues of material fact existed, the district court ruled as a matter of law that the Wyoming Public Records Act, Wyo. Stat. Ann. §§ 16–4–201 through –205 (LexisNexis 2009), read in conjunction with a provision of the Wyoming Education Act, Wyo. Stat. Ann. § 21–3–110(a)(ii)(A) (LexisNexis 2009), entitled Newspaper to information concerning the names and salaries of the individual employees of District.

[¶2] Having reviewed this appeal under our standard of review for summary judgments, *Bangs v. Schroth*, 2009 WY 20, ¶20, 201 P.3d 442, 451–52 (Wyo.2009), we now affirm the district court's summary judgment in favor of Newspaper. The district court explained its decision in a well-organized and most thoughtful decision letter dated August

13, 2010, with which we are in complete agreement. Consequently, in the interests of judicial economy, we herewith adopt that decision letter as this Court's official opinion in this case. We now set out the pertinent parts of that decision letter:

## FACTS

The facts of this case are not in dispute. In a letter dated December 11, 2009, representatives of Cheyenne Newspapers, Inc., which publishes the Wyoming Tribune Eagle (hereinafter the newspaper), requested that Laramie County School District Number One (the district) provide it with "all employment contracts or any other records depicting employee names in conjunction with their salaries or a listing of employee names with salaries." The letter stated that the request was made under the Wyoming Public Records Act (WPRA), Wyo. Stat. Ann. §§ 16-4-201 through 16-[4]-205 (LexisNexis 2009).

John Lyttle, Assistant Superintendent of Human Resources for the School District, responded by letter dated December 17, 2009. Mr. Lyttle denied the newspaper's request for the information, citing Wyo. Stat. Ann. § 21-3-110(a)(ii)(A) (LexisNexis 2009), a provision in the Wyoming Education Code (WEC). The district is obligated by that statute to publish the salaries of its employees by category without reference to the names of individual employees. The district contends that the statute makes it unlawful to disclose any individual employee's name and salary.

The Plaintiffs, who include D. Reed Eckhardt, the executive editor of the Tribune Eagle, initiated this suit within three months of the denied request. The complaint asked that the Court require the district to show cause as to why inspection of the requested records should not be permitted. The district timely answered, and the Court held a scheduling conference on May 19, 2010. In addition to the position described above, the district also claimed that disclosure of the names of certain employees with their salaries would do substantial injury to the public interest. A specific example given was that of an employee who had eluded a stalker and whose whereabouts might become known if his or her name and salary were published. The district concedes that the number of employees who would fall into this latter category must be small.

The Court established a schedule for determination of the broader issue, which is whether the district must generally disclose salary information in conjunction with the names of its employees, so that a member of the press or public could learn how much any particular district employee earns. The narrower issue of whether specific records might be withheld to protect particular employees was deferred. The parties thereafter filed the dispositive motions and accompanying briefs which this letter addresses.

## ISSUE PRESENTED

■ Does the Wyoming Public Records Act, read in conjunction with the Wyoming Education Code, entitle the Plaintiffs to information concerning the names and salaries of individual employees of a school district?

## DISCUSSION

■ **Standard of Review.** The parties agreed at the scheduling conference that there are no genuine issues of fact regarding the above issue. The construction of the two statutes in this case is purely a legal issue which the Court can presently decide. *Harper v. Fidelity and Guaranty Life Insurance Company*, 2010 WY 89, ¶ 11[, 234 P.3d 1211, 1216] (Wyo.2010); Wyo. R. Civ. Proc. 56(c). Thus, whether this issue is framed as a motion for judgment on the pleadings or a motion for summary judgment, it places the legal question to which the parties seek an answer squarely before the Court.

**Disclosure.** Both parties argue that the Wyoming Legislature has decided the question before the Court in clear and unambiguous terms, although they argue diametrically opposed contentions as to what the legislature decided. The Court will begin with a survey of the WPRA's

structure and some of its specific provisions. As a general proposition, the WPRA mandates that all public records "shall be open for inspection by any person at reasonable times."[1] Wyo. Stat. Ann. § 16–4–202(a) (LexisNexis 2009). The policy behind the rule is well settled as "one of disclosure, not secrecy," as "the legislature of this state has stressed the importance of making available to the public agency records." *Freudenthal v. Cheyenne Newspaper* [*Newspapers*], *Inc.*, 2010 WY 80, ¶ 18, [233 P.3d 933, 938 (Wyo. 2010),] quoting *Laramie River Conservation Council v. Dinger*, 567 P.2d 731, 733 (Wyo.1977). The state, its agencies, and local government entities are therefore required to operate in a "fishbowl" with only a few necessary exceptions. *Id.*, citing *Allsop v. Cheyenne Newspapers, Inc.*, 2002 WY 22, ¶ 10, 39 P.3d 1092, 1095–96 (Wyo. 2002). The Supreme Court has thus construed the WPRA to generally guarantee the public's right to access to documents which will reveal the details of operations of governmental entities, with some exceptions.

The WPRA also contains specific provisions which relate to personnel information. Wyoming Statute § 16–4–203(d) provides in pertinent part as follows:

(d) The custodian shall deny the right of inspection of the following records, unless otherwise provided by law:

[* * * *]

(i[ii] ) Personnel files except those files shall be available to the duly elected and appointed officials who supervise the work of the person in interest. Applications, performance ratings and scholastic achievement data shall be available only to the person in interest, and to the duly elected and appointed officials who supervise his work. **Employment contracts, working agreements or other documents setting forth the terms and conditions of [employment of public officials and] employees are not considered part of a personnel file and shall be available for public inspection.**

(Emphasis added). A "public employee" is, according to the Wyoming Governmental Claims Act, any "officer, employee, or servant of a governmental entity." Wyo. Stat. [Ann.] § 1–39–103[ (a)(iv)(A) ] (LexisNexis 2009). The WPRA thus contains a specific provision which requires that documents reflecting the terms and conditions of employment be made available. It seems obvious that the amount an employee is paid is a term of any employment contract.

There was what the Court perceived as a suggestion by the district at oral argument on the pending motions that this statute might not require a governmental entity to make documents setting forth the terms and conditions of employment available in a form which would permit identification of particular employees. If that was indeed the suggestion, the Court disagrees.

In *Houghton v. Franscell*, 870 P.2d 1050 (Wyo.1994), the Supreme Court was asked to determine whether physician recruitment contracts must be made available to the public on request. The Supreme Court held that they were public documents which had to be made available to the Gillette News–Record for inspection. Although the physicians in question were not employees of the hospital involved in the litigation, the Supreme Court did mention the above language as an example of the legislature's intent concerning documents which reflect how public funds are spent:

In fact, in that particular respect, Wyo. Stat. § 16–4–203(d)(iii) contains lan-

---

1. Wyo. Stat. Ann. § 16–4–201(v) (LexisNexis 2009) provides:

"Public Records" when not otherwise specified includes the original and copies of any paper, correspondence, form, book, photograph, photostat, film, microfilm, sound recording, map drawing or other document, regardless of physical form or characteristics that have been made by the state of Wyoming and any counties, municipalities, and political subdivisions thereof and by any agencies of the state, counties, municipalities and political subdivisions thereof, or received by them in connection with the transaction of public business, except those privileged or confidential by law[.]

guage in the last sentence expressly stating that information of the terms and conditions of public employment is not considered part of a personnel file and, therefore, shall not be withdrawn from public inspection. One of the usual terms of a public employment document is the amount of public monies that will be paid by the public body to the public employee for services rendered. Thus, information of the expenditure of public funds in that employment context is expressly available for public inspection.

*Id.* at 1056. Public employment offers many benefits and imposes some burdens. The Court interprets the language of the above statute and the Supreme Court's comments concerning it to mean that one burden of public employment is that any person who makes a proper request may learn the compensation paid to a public employee, regardless of the level at which he toils for a governmental entity. The Court therefore believes that the district would be obligated to make this information available to the public and Plaintiffs unless there is some other specific legal provision providing otherwise. Of course, no governmental entity would be required to disclose personal information such as address, age, date of birth, social security number or other similar personal information, since these do not relate to the terms and conditions of employment, and would impact privacy rights of employees.

Although state freedom of information acts vary widely in their specific terms, the majority of courts presented with the issue of whether the public is entitled to documents indicating the names, positions, and salaries of individual employees have held that these documents must be made available for inspection. *See, e.g., Tiberino v. Spokane County* [103 Wash.App. 680], 13 P.3d 1104, 1109 (Wash.App.2000); *Mans v. Lebanon School Board* [112 N.H. 160], 290 A.2d 866, 867 (N.H.1972); *Clymer v. City of Cedar Rapids*, 601 N.W.2d 42 (Iowa 1999); *Annot., Payroll Records of Individual Government Employees as Subject to Disclosure to Public*, 100 A.L.R. [A.L.R.3d] 699 (1980).

The district argues that the WPRA contains an exception to the WPRA's general rule of disclosure if disclosure "would be contrary to any state statute." This exception is indeed contained in the WPRA. Wyo. Stat. Ann. § 16–4–203(a)(i) (Lexis-Nexis 2009). At the outset, it should be noted that the WPRA has consistently been interpreted to favor disclosure, and that exceptions are to be construed narrowly. *Houghton,* 870 P.2d at 1052. The Supreme Court has recognized that the statutory language of the WPRA creates a presumption that the denial of inspection of a public record is contrary to public policy. *Id.* [at 1053], quoting *Sheridan Newspapers, Inc. v. City of Sheridan,* 660 P.2d 785, 796 (Wyo.1983). The Court is also cognizant of the Supreme Court's comment that constitutional rights of freedom of the press and due process prohibit the state from excluding an entire class of public records from inspection absent a compelling state interest. *Id.* at 1053.

The district argues that disclosure of its employees' salaries correlated to the employees' names is contrary to a specific provision in the Wyoming Education Code, Wyo. Stat. Ann. § 21–3–110(a)(ii)(A) (LexisNexis 2009), and that this information is therefore exempt from disclosure regardless of the express terms of the WPRA. It contends that the WEC provides the exclusive means for making its employees' salary information available to the public, and that the legislature has clearly expressed its intent that the information be provided in categories without reference to individual names. It also relies in part on the well-established rule of statutory construction that a specific statute controls over a general statute covering the same subject. *See Horse Creek Conservation District v. State ex rel. Wyoming Attorney General,* 2009 WY 143, ¶ 39, 221 P.3d 306, 318 (Wyo. 2009).

The statute in question provides as follows:

(a) The board of trustees in each school district shall:

[* * * *]

(ii) . . . Individual yearly gross salary payments need be published only once in March of each year:

(A) Each individual annual gross salary shall be identified by category and each individual salary shall be published as a gross dollar amount without identification other than by category. Categories shall include superintendent, assistant superintendent, high school principal, assistant high school principal, junior high principal, junior high assistant principals, elementary principals, elementary assistant principals, first grade teachers, second grade teachers, third grade teachers, fourth grade teachers, fifth grade teachers, sixth grade teachers, kindergarten teachers, high school departmental teachers (business, language arts, foreign languages, science, social studies, mathematics, or other), vocal music, instrumental music, elementary music, secondary art, elementary art, secondary physical education, elementary physical education, vocational education, secondary guidance counselors, secondary librarians, elementary librarians, driver education, special education teachers, remedial teachers, nurses, teacher's aides, head coaches, assistant coaches, dramatics, secondary secretarial, junior high secretarial, elementary secretarial, business managers, janitorial, bus drivers, and other categories which may be selected so that every individual salary may be categorized. Each category shall show a cumulative subtotal and there shall be a grand total of all categories. At the end of the salary publication there shall be printed the district salary schedule. . . .

W.S. § 21–3–110(a)(ii)(A). The newspaper interprets the above provision quite differently than the district does. It argues that the statute only controls the manner in which the Board of Trustees must publish certain information at its own expense on an annual basis. It contends that the WPRA, on the other hand, requires that public entities permit the public to inspect public records, including documents reflecting the terms and conditions of employment of particular public employees, at reasonable times upon request. It asks the Court to find that the two statutes are not in conflict, and that thus the exception for records which may not be disclosed because they are "contrary to statute" does not apply.

The Court is compelled to agree with the newspaper. As already noted, exceptions to the WPRA rights of inspection must be construed narrowly in view of the public policy evident in that statute and the Supreme Court's ruling concerning it. § 21–3–110(a)(ii)(A) does not contain an express statement that information concerning the identity of a school district's employees is confidential information which must not be revealed to the public, at least in conjunction with salary information, notwithstanding the provisions of the WPRA. The public has a right to know how a governmental entity expends public funds, and the Supreme Court has held that restrictions on access to this kind of information must be "expressly textual" for that reason. *Houghton*, 870 P.2d at 105[6]. It seems obvious that the compensation of public employees results in the expenditure of public funds, and falls within the above rule.

Support for this conclusion is also found in Wyo. Stat. Ann. § 16–4–203(d)(iii), which was quoted above. By its express terms, as confirmed by the dicta concerning it in *Houghton*, it permits public access to information concerning the terms and conditions of employment of all public employees, from the most humble to the most exalted, including sufficient information to determine what an individual employee is paid.

The construction of § 21–3–110(a)(ii)(A) argued for by the district is linked to no rational legislative purpose. If construed as the district argues, it would make secret the amount any particular school district employee earns, from the school janitor up to the district superintendent. At oral argument, the district was unable to suggest any reason why the legislature would choose to treat janitors who work for school districts any differently from jani-

tors who clean city or county buildings, and the Court can conceive of none on its own. The legislature is presumed to act in a thoughtful and rational manner with full knowledge of existing law, and therefore statutes are required "to be construed in harmony with existing law, and as part of an overall and uniform system of jurisprudence." *Thunderbasin Land, Livestock & Investment Company v. County of Laramie*, 5 P.3d 774, 780 (Wyo.2000), quoting *Wetering v. Eisele*, 682 P.2d 1055, 1061 (Wyo.1984).

The construction argued for by the newspaper allows the Court to conclude that the legislature chose to limit the extent of information which the school districts must provide at their own expense annually for any number of valid reasons, including expense of publication. On the other hand, construction of the statute as the district suggests would leave the Court with no rational explanation as to why the legislature would want to treat school district employees differently than employees of other public entities. The Court concludes that while the legislature intended that school districts would offer general salary information which was not specific to any employee to the public through annual publication, it did not intend to make specific salary information confidential as to those employees if a member of the public or the press wishes to expend the time and effort to obtain that information by making a proper request.

The district points out that previous Wyoming Supreme Court cases discussing the WPRA are not directly on point because none involve interpretation of § 21–3–110(a)(ii)(A) of the education code in conjunction with the provisions of the WPRA which have been described at length. While previous Wyoming Supreme Court cases have not in fact construed the two specific provisions involved in this case, those cases hold that exceptions to the disclosure required by the WPRA must be clearly set out in legislation, and that they should not generally be applied against entire classes of documents. *See, e.g., Sheridan Newspaper [Newspapers], Inc.,* 660 P.2d 785 (holding in part that "rolling

logs" and "case reports" compiled by the Sheridan police department could not be disclosed from inspection as a class under a discretionary exception to disclosure for investigatory or intelligence records, or those compiled for prosecution purposes); *Houghton,* 870 P.2d 1050 (holding that a physician's recruitment contract was not exempt from disclosure where it did not fall within the definition W.S. § 16–4–203(d)(vii), which excepts certain classifications of hospital records from disclosure). As noted above, the cases also suggest that there are constitutional implications to the rights of access of the press and public, and a construction of legislation which might impact those rights must presume that the legislature intended to protect them. *See Sheridan Newspaper [Newspapers], supra,* at 794–97; *Houghton, supra,* at 1053.

In this case, when § 16–4–203(a)(i) and § 16–4–203(d)([i]ii) of the WPRA and § 21–3–110(a)(ii)(A) of the WEC are read in conjunction with each other, the provisions of the education code are not clear enough to exempt the records sought in light of the specific language of the WPRA concerning the right of access to documents relating to terms and conditions of public employment. The district asks the Court to render a decision which would have to stubbornly swim upstream against a strong current of prior Wyoming Supreme Court rulings which protect the public's right of access to information as to how its money is being spent, which the Court will decline to do.

It should be noted that both the parties and the Court recognize that the district cannot be compelled to produce a list of employees and their salaries if one does not already exist, although they are free to do so if they wish in lieu of making the documents identified by § 16–4–203(d)(iii) available for inspection. It was not disclosed whether any such list was in existence, and in this electronic age, whether a document exists or not may depend on whether a computer is directed to produce it. In any event, it may be less labor-intensive for the district to produce a com-

puter printout of names and salaries, which the newspaper has indicated it is willing to accept. If the district is not willing to produce such a printout, § 16–4–203(d)(iii) requires it to permit inspection of existing documents that contain the information sought at a reasonable time.

### Public Interest Issues and Form of Order.

As noted above, the district contends that certain employee information should not be made available for inspection because disclosing it would be contrary to the public interest. Wyo. Stat. [Ann.] § 16–4–203(g) provides that a custodian may deny the right of inspection of certain specific records which are otherwise subject to inspection on the grounds that inspection would do substantial injury to the public interest. This section would require the district to apply to the district court for an order finding that disclosure would in fact cause substantial injury to the public interest in the case of a particular employee's information, if it chose to deny access.

As already mentioned, the district contends that disclosure of at least some of its employees' names could be contrary to the public interest because, for example, those employees might be located by a stalker after publication of their name and salary. The parties seem to agree that if such a discretionary exception is available, it would have to be evaluated on a case-by-case basis, probably after an evidentiary hearing. At argument, the district indicated that only a small number of employees could be expected to fall within this category. It is certain that the public interest exception would not exempt all records concerning the terms and conditions of employment of all public employees who work for the district, and the district has never contended that it would. Whether the exception is available as a matter of law in the hypothetical cases posed by the district remains to be seen.

The existence of these potential claims to exemption from the disclosure requirement determined in the first portion of this decision leaves the case in an awkward posture. On the one hand, the Court has concluded that the newspaper is correct in its assertion that it is entitled to employee-specific salary information. Once it obtains that information, it is free to publish whatever it chooses concerning it, free of any court-imposed limitations. *See New York Times Co. v. U.S.,* 403 U.S. 713, 714, 91 S.Ct. 2140, 2141, 29 L.Ed. [L.Ed.2d] 822 (1971), quoting *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1963) (noting that a prior restraints come to Court "bearing a heavy presumption against constitutional validity").

On the other hand, the ruling the Court has made will impact a large number of Laramie County School District employees and may also impact other districts. The district will undoubtedly wish to appeal that ruling to the Wyoming Supreme Court, which is the final arbiter of the meaning of the two statutes involved in this case. The Court believes that it is in the best interest of both parties to secure the entry of a final judgment which will permit review by that court as soon as possible.

However, the district argues that the Court should stay its decision until it can resolve the public interest exception cases, if there are any. This could take some time, since each is case-specific and there is as of yet no indication as to the number of such cases. The newspaper has indicated that it has no interest in causing problems for employees who might, for example, be victimized by a stalker, if there are any, and so there may be no cases to resolve because it would in all likelihood not pursue information pertaining to those employees.

The Court intends, absent a showing that such action is improper, to enter a final order declaring the newspaper's general entitlement to the information contained in its request without resolving the public interest exception issue pertaining to particular employees in this case for the following reasons:

- In its motion for summary judgment, the newspaper asked the Court to

declare its rights under the WPRA as they relate to the records request it made of the district, which was for information which would permit it to connect particular salary information to particular employees. The district contended that it was not permitted to make this general class of information available. The Court has resolved that issue by declaring the rights and duties of the parties.

- Wyoming Statute § 16–4–203(d) requires that a custodian who withholds a particular record apply to the district court for an order finding that disclosure of that record would do substantial injury to the public interest. The district did not counterclaim as to any particular record, although it raised the above as an affirmative defense. The district admittedly had good reason not to counterclaim earlier, because it faced the massive task of contacting some fifteen hundred employees, and because the Court scheduled this issue for later disposition.

- The question of potential injury to any particular employee is fact-intensive and likely to require considerable time for resolution, during which the district could not appeal of right to the Wyoming Supreme Court.

- The Court's decision as to the newspaper's general right of access does not address any particular case, and the district would presumably be able to file an appropriate action to resolve the public interest exception cases without fear that this decision would in some way bind it in those proceedings.

- It is quite likely that any meritorious claim of potential injury to an em-

ployee will be resolved by agreement.

- If a stay of the above decision declaring the newspaper's general right of access is necessary, one can be sought under Wyoming Rule of Appellate Procedure 4.02.

Because the decision contemplated is a departure from the process developed in the scheduling conference, a hearing on the form of relief will be set on the request of either party.

### Conclusion

Summary judgment will be granted in favor of the Plaintiffs, declaring that the Defendant must make the documents described in Wyoming Statute § 16–4–203(d)(iii) available to them for inspection, without concealment of the identity of the employee involved. Other personal information such as address, telephone numbers, social security information, and date of birth may be redacted to protect employee privacy, since this information is not part of the terms and conditions of employment. At its option, the district will be declared to have satisfied its obligation of inspection if it produces the list of employees and their salaries initially requested by Plaintiffs. This ruling is without prejudice to the district's ability to claim that disclosure of the records of particular employees would do a substantial injury to the public interest and to seek a court order so finding.

[¶ 3] Affirmed.