[No. 20028-7-II. Division Two. November 15, 1996.]

GEORGE BARLINDAL, *Respondent*, v. CITY OF BONNEY
LAKE, *Appellant*.

136

*Nancy C. Zaragoza* and *Dionne & Rorick, City Attorney,* for appellant.

*Antoni H. Froehling, Dan E. Platter*, and *Mayhew-Froehling*, for respondent.

BRIDGEWATER, J. — The City of Bonney Lake appeals a superior court judgment ordering the return of firearms to George Barlindal. Barlindal cross-appeals the trial court's finding that the firearms sustained no appreciable damage while being stored by Bonney Lake. Bonney Lake's civil forfeiture action followed an unsuccessful, unappealed criminal prosecution by Pierce County wherein evidence seized during the execution of an invalid warrant was suppressed. We hold that Bonney Lake was in privity with Pierce County in the criminal action, and that the doctrine of issue preclusion prevents Bonney Lake from relitigating in the forfeiture action whether the police had probable cause to believe that Barlindal was engaged in illegal drug activity at the time of the search. Barlindal failed to timely file his cross-appeal, thus precluding review. We affirm.

Bonney Lake police obtained a telephonic warrant to search Barlindal's home. Bonney Lake police and the Pierce County Sheriff executed the search warrant, discovering and seizing a sizable amount of methamphetamine, over 200 firearms, assorted knives, cash, and other miscellaneous items. In a later criminal proceeding brought by the Pierce County Prosecuting Attorney, the trial court determined that the search of Barlindal's premises and the seizure of his possessions were unlawful

because the investigating officer failed to state in his application for the search warrant how his confidential informant had a sufficient basis of knowledge for recognizing a "controlled substance." The trial court ordered the evidence suppressed and dismissed the criminal charge. The trial court also ruled that "no evidence or description of said evidence shall be used in any proceeding against the defendant [George Barlindal] herein." No appeal followed.

Before the criminal matter terminated, Bonney Lake notified Barlindal of its intent to seek forfeiture of the seized items under the Uniform Controlled Substances Act (UCSA).[1] Barlindal removed the action to superior court;[2] the City responded, contending it was entitled to forfeiture of the items under RCW 9.41.098 and the UCSA. In the forfeiture proceeding, the trial court excluded any evidence of drugs or firearms being present at the time of the search because, in the prior criminal proceeding, the search had already been determined to be unlawful. The court also ruled as inadmissible hearsay offered by Bonney Lake to show that the police had probable cause to believe that the firearms were the proceeds of or used in drug transactions. The excluded hearsay involved statements from two officers that confidential informants had told them before obtaining the search warrant that Barlindal was known to exchange guns for drugs and was known to be armed during drug deals. After making these rulings, the trial court concluded that Bonney Lake could not establish probable cause to "forfeit the seized items." It

---

[1]RCW 69.50.505.

[2]"[A]ny person asserting a claim or right may remove the matter to a court of competent jurisdiction if the aggregate value of the article or articles involved is more than five hundred dollars." Former RCW 69.50.505(e) (LAWS OF 1977, 1st Ex. Sess., ch. 78). We note that Barlindal actually filed a replevin action in superior court, later adding a damages claim. Both parties apparently agreed to treat Barlindal's replevin action as accomplishing removal, and we address it as such.

ordered Bonney Lake to return to Barlindal the firearms he owned.[3] Bonney Lake appeals.

## I

■ "[A] court may refuse to return seized property no longer needed for evidence only if (1) the defendant is not the rightful owner; (2) the property is contraband; or (3) the property is subject to forfeiture pursuant to statute." *State v. Alaway*, 64 Wn. App. 796, 798, 828 P.2d 591, *review denied*, 119 Wn.2d 1016 (1992). Firearms are not contraband because their possession, without more, does not constitute a crime. *Cf. Alaway*, 64 Wn. App. at 799 (tools, building materials, and gardening supplies used to grow marijuana not contraband).

## A

Firearms are subject to forfeiture when proven to be in the possession of a person arrested for a felony violation of the Uniform Controlled Substances Act:

> The superior courts and the courts of limited jurisdiction of the state may order forfeiture of a firearm which is proven to be: . . . (c) Found in the possession or under the control of a person at the time the person committed or was arrested for committing a crime of violence or a crime in which a firearm was used or displayed or a felony violation of the uniform controlled substances act, chapter 69.50 RCW.

Former RCW 9.41.098(1) (LAWS OF 1989, ch. 222, § 8).[4] RCW 9.41 also requires that confiscated firearms be returned if there is no probable cause to believe a violation occurred or if the criminal proceedings are dismissed: "The court shall order the firearm returned to the owner

---

[3]Barlindal established his ownership of all of the firearms except four, three confirmed stolen by police and one without a serial number.

[4]Recently amended, the current statute reads "(d) In the possession or under the control of a person at the time the person committed or was arrested for committing a felony or committing a nonfelony crime in which a firearm was used or displayed." RCW 9.41.098(1).

upon a showing that there is no probable cause to believe a violation of subsection (1) of this section existed . . . ." RCW 9.41.098(3). "After confiscation, the firearm shall not be surrendered except . . . to the owner if the proceedings are dismissed . . . ." RCW 9.41.098(4).

B

Under the UCSA's separate forfeiture procedures, firearms are subject to forfeiture when they are used in or are the proceeds of illegal drug transactions:

(a) The following are subject to seizure and forfeiture and no property right exists in them:

. . . .

(2) All . . . equipment of any kind which [is] used, or intended for use, in . . . delivering . . . any controlled substance in violation of [RCW 69.50];

. . . .

(7) All . . . tangible or intangible personal property, proceeds, or assets acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of [chapter 69.50] . . . .

RCW 69.50.505. The UCSA's forfeiture procedures are in relevant part as follows:

(b) . . . [P]ersonal property subject to forfeiture under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. . . . Seizure of personal property without process may be made if:

(1) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

. . . .

(4) The board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

. . . .

(e) . . . the person . . . shall be afforded a reasonable opportunity to be heard as to the claim or right. . . . In cases involving personal property, the burden of producing evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of the property.

RCW 69.50.505. The seizing law enforcement agency has the initial burden in a forfeiture action of showing probable cause to believe that seized items were the proceeds of or used or intended to be used in illegal drug activities. *See Rozner v. City of Bellevue*, 116 Wn.2d 342, 350, 804 P.2d 24 (1991).

## C

■ Our study of both RCW 9.41.098 and RCW 69.50.505 and relevant case law leads us to conclude that, to obtain possession of Barlindal's firearms by civil forfeiture, the State had the initial burden of showing probable cause to believe that Barlindal violated RCW 69.50. "Probable cause requires the existence of reasonable grounds for suspicion supported by circumstances sufficiently strong to warrant a person of ordinary caution in the belief . . . ." *Adams County v. One 1978 Blue Ford Bronco*, 74 Wn. App. 702, 706, 875 P.2d 690 (1994).

## II

■ The Fourth Amendment exclusionary rule prohibits the seizing law enforcement agency in a civil forfeiture action from using evidence unlawfully obtained. *Cf. Deeter v. Smith*, 106 Wn.2d 376, 377-79, 721 P.2d 519 (1986) (applying rule to UCSA civil forfeiture action). The superior court determined in the criminal action brought by Pierce County against Barlindal that evidence seized during the search of Barlindal's home was unlawfully obtained. Bonney Lake contends that issue preclusion does not apply in the civil forfeiture action because it was not a party or in

privity with Pierce County in the criminal action. We disagree.

The doctrine of collateral estoppel, or issue preclusion, bars relitigation of an issue after the party estopped has had a full and fair opportunity to present its case. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561, 852 P.2d 295 (1993). The purpose of the doctrine is to promote the policy of ending disputes, to promote judicial economy, and to prevent harassment of and inconvenience to litigants. The difference between the burdens of proof in criminal and civil cases often precludes the application of collateral estoppel to a civil case when preceded by a criminal case. *See, e.g, United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S. Ct. 1099, 79 L. Ed. 2d 361 (1984). The doctrine may be applied, however, when the issue decided in the prior criminal case is identical with the issue presented in the subsequent civil case. *Hanson*, 121 Wn.2d at 561-62.

> The requirements which must be met when applying the doctrine are: (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice.

*Hanson*, 121 Wn.2d at 562.

Here there is an identity of issues. In the criminal action, Barlindal successfully argued that the search warrant was invalid. The evidence was suppressed. In this action, Bonney Lake argues that the search warrant was valid. The element of identity of issues is met for purposes of collateral estoppel.

The criminal proceeding ended with a final judgment on the merits; the suppression order was not appealed and the matter dismissed. The remaining elements are privity and that application of the doctrine works no injustice.

■ Privity denotes a mutual or successive relationship to the same right or property. *Owens v. Kuro*, 56 Wn.2d 564, 354 P.2d 696 (1960). Our analysis leads us to hold that Pierce County and Bonney Lake were in privity under the facts of this case. The facts show that Pierce County and Bonney Lake had a mutual interest and shared a common purpose in a successful prosecution of Barlindal as well as a successful forfeiture of his possessions:

- Both Pierce County and Bonney Lake were acting on authority of state law;
- Both participated in the acquisition of a search warrant and the subsequent search;
- Both had a unity of purpose in securing Barlindal's conviction with lawfully obtained evidence;
- Either Pierce County or Bonney Lake could have been the "seizing agency" entitled to bring the forfeiture action;[5]
- Both the State and Bonney Lake would have benefited from an order of forfeiture of firearms had Pierce County been successful in its criminal prosecution;[6]
- The State would have benefited by receiving 10 percent of the net proceeds from forfeitures sought by Bonney Lake;[7] Bonney Lake would have benefited from the forfeitures by retaining 90 percent of the net proceeds;[8] and
- The proceeds would have benefited law enforcement activity in Bonney Lake and Pierce County.[9]

These factors demonstrate that Bonney Lake and Pierce County were in privity from beginning to end. Their

[5]RCW 69.50.505(c).

[6]"A maximum of ten percent of such [judicially forfeited] firearms may be retained for use by local law enforcement agencies . . . ." Former RCW 9.41.098(2) (LAWS OF 1988, ch. 222, § 8).

[7]RCW 69.50.505(h).

[8]RCW 69.50.505(i).

[9]RCW 69.50.505(i).

mutual objective was to work together to lawfully obtain evidence; they both sought to obtain a criminal conviction; and both could have benefited financially from either a successful prosecution or a successful civil forfeiture. Bonney Lake's argument that it was not in privity with Pierce County because it did not have an opportunity to present its arguments concerning the validity of the search is without merit. It is the obligation of a county prosecuting attorney to control a felony prosecution;[10] the inability of a municipal attorney to control the prosecution does not diminish the common interests that both agencies have in the outcome of the prosecution.

Bonney Lake argues that application of the doctrine of issue preclusion would work an injustice because the trial court's determination that the search warrant was invalid is erroneous as a matter of law. Application of the doctrine works no injustice where the party being estopped had an opportunity in the first proceeding to present evidence and arguments to the trial court on the issue of probable cause. *Hanson*, 121 Wn.2d at 563. The record shows that Bonney Lake had an opportunity to present evidence and arguments in the criminal proceeding; its police conducted the initial investigation and presented the affidavit of probable cause; its police testified and its affidavit was reviewed at the criminal trial. Bonney Lake argues that an injustice might arise where a ruling is controlled by a clearly erroneous prior determination on a purely legal matter. *See Franklin v. Klundt*, 50 Wn. App. 10, 15, 746 P.2d 1228, *review denied*, 109 Wn.2d 1018 (1987). This is not the situation here. The trial court's determination in the criminal trial that the affidavit in support of the search warrant was inadequate was not clearly erroneous, where the affidavit failed to show the confidential informant had a basis of knowledge for recognizing "controlled substances." Bonney Lake should have and most likely did have a Pierce County deputy prosecutor

---

[10]RCW 36.27.020(d).

review the affidavit, and, after the suppression order, the prosecuting attorney — a veteran — did not appeal.

 Because all four requirements of the doctrine of issue preclusion are satisfied, Bonney Lake is precluded from relitigating the issue of whether the police had probable cause to search Barlindal's premises. Without probable cause to search the premises, Bonney Lake simply had insufficient evidence to show probable cause to believe that Barlindal owned firearms, much less show that firearms were connected in some way to illegal drug activity.

It would contravene public policy to allow a multiplicity of suits contesting whether probable cause supported the issuance of a search warrant. Frequently, multijurisdictional forces conduct joint drug searches; under Bonney Lake's analysis, each agency involved in the seizure would have the right to contest the validity of the search. Often, some written document permits the agencies to act in concert, e.g., a commission by the Sheriff of the county authorizing all officers to act as deputy sheriffs or an interlocal agreement on cooperation and sharing of forfeitures. There is no evidence of such an agreement here, but, even without such evidence, the fact that officers from several jurisdictions often cooperate in conducting the same search militates against a policy of allowing each jurisdiction to bring its own forfeiture proceeding. The trial court did not err in applying issue preclusion.

### III

Barlindal failed to file a timely notice of appeal under RAP 5.2. Therefore, we will not consider his appeal. RAP 5.1(a); RAP 1.2(a); RAP 18.8(b).

### IV

Bonney Lake makes several additional arguments on

appeal, but application of the doctrine of issue preclusion is dispositive.

### V

Both parties contend for attorney fees. We deny the requests because Barlindal's claim for damages was not frivolous and because the City's appeal is not completely without merit.

We affirm.

HOUGHTON, A.C.J., and MORGAN, J., concur.