[No. 19443-4-III. Division Three. October 11, 2001.]

JAMES ROBERT SHUMAN, JR., *Petitioner*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Kenneth D. Beckley*, for petitioner.

*Christine O. Gregoire, Attorney General,* and *Timothy S. Hamill, Assistant,* for respondent.

Kato, J. — James R. Shuman, Jr., has obtained discretionary review of the superior court's affirmation of a decision by the Department of Licensing to revoke his driver's license. He contends the court and the Department erred by failing to apply collateral estoppel to a district court order in a criminal prosecution arising from the same facts. We conclude the Department and the superior court improperly analyzed one requirement for collateral estoppel. Therefore we reverse and remand the case to the Department for its determination of the remaining requirements.

On November 7, 1999, a Cle Elum police officer arrested Mr. Shuman for driving under the influence of alcohol (DUI) in violation of RCW 46.61.503(1)(b). Mr. Shuman was taken to the Cle Elum police station for a breath alcohol concentration (BAC) test. Mr. Shuman tried twice to provide a sample for the test, but the officer reported the sample was invalid. The officer reported to the Department of Licensing that Mr. Shuman had refused to submit to the test.

Mr. Shuman then was charged in Upper Kittitas County District Court with driving while intoxicated. He moved before trial "[t]o preclude mention at time of trial that [he] refused to submit to a BAC verifier test on the ground that [he] did not wrongfully refuse to submit to a BAC verifier test." Clerk's Papers (CP) at 42. The district court entered an order providing:

THIS MATTER came on regularly before this court for hearing on December 15, 1999, on Defendant Shuman's pretrial motion that Defendant Shuman did not wrongfully refuse to submit to a BAC verifier test on November 7, 1999. The plaintiff City of Cle Elum was present and represented by

Prosecuting Attorney Mark A. Chmelewski. The Defendant James Shuman was presented [sic] and represented by Attorney Kenneth D. Beckley. The court after having considered the Defendant's pretrial motion and the position of the Defendant Shuman and the Plaintiff City of Cle Elum, NOW THEREFORE,

IT IS HEREBY ORDERED:

1. Defendant Shuman's pretrial motion that Defendant Shuman did not wrongfully refuse to submit to a BAC verifier test on November 7, 1999, is granted.

2. The Plaintiff City of Cle Elum shall not be allowed to mention or argue at time of trial that Defendant Shuman wrongfully refused to submit to a BAC verifier test on November 7, 1999.

CP at 43. The court then entered an order finding Mr. Shuman guilty of negligent driving and improper passing.

Meanwhile, the Department of Licensing took action to revoke Mr. Shuman's driver's license pursuant to RCW 46.20.3101. Mr. Shuman requested an administrative hearing, at which he contended (among other things) that the district court's order in the criminal prosecution collaterally estopped the Department from holding he had refused to take the breath test. The Department's hearing officer disagreed, holding in pertinent part:

There is unpersuasive argument that *Thompson v. Department of Licensing*, 138 Wash.2d 783, 982 P.2d 601 (1999), is controlling in the immediate administrative hearing. "While it may be true the result of the criminal trial ought to have no bearing on the outcome of the license disqualification proceedings, *it does not follow that a fully litigated and contested evidentiary ruling in the criminal trial* ought not to have preclusive effect in a subsequent administrative proceeding. . . ."

Here, the record shows the Order Granting Defendant's Pretrial Motion was not the result of a fully litigated and contested evidentiary ruling.

(Emphasis added.) CP at 9.

Mr. Shuman appealed the Department's decision to the

superior court, which entered a memorandum decision holding in pertinent part:

> The hearing examiner during argument on the issue inquired of Mr. Beckley, Mr. Shuman's attorney, whether the matter was fully litigated and Mr. Beckley responded that opposing arguments were not presented, that there was no testimony from the officer because [the officer] did not show up and that there was no argument on the motion, that it was granted because the officer did not show up. It is from this record the hearing officer determined the issue of refusal was not fully litigated and contested in the criminal proceeding and that the doctrine of collateral estoppel therefore did not apply to the subsequent DOL hearing.
>
> . . . Here, there was no fully [sic] litigation on the issue of whether Mr. Shuman refused the BAC test, even though the City of Cle Elum did have the fair opportunity to present evidence. The hearing examiner did not err in concluding the doctrine of collateral estoppel did not apply in this particular circumstance.

CP at 141-42.

We granted discretionary review.

■ The standards of our review are the same as the superior court's. *Walk v. Dep't of Licensing*, 95 Wn. App. 653, 656, 976 P.2d 185 (1999). Our review therefore is

> limited to a review of the record of the administrative hearing. . . . The review must be limited to a determination of whether the department has committed any errors of law. The superior court shall accept those factual determinations supported by substantial evidence in the record: (a) That were expressly made by the department; or (b) that may reasonably be inferred from the final order of the department. The superior court may reverse, affirm, or modify the decision of the department or remand the case back to the department for further proceedings.

RCW 46.20.308(9).

■ A party seeking to invoke the doctrine of collateral estoppel must prove: " '(1) the issue decided in the prior adjudication is identical with the one presented in the

second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.' " *Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 790, 982 P.2d 601 (1999) (quoting *Nielsen v. Spanaway Gen. Med. Clinic, Inc.* 135 Wn.2d 255, 262-63, 956 P.2d 312 (1998)).

■ The fourth element is the focus of the dispute in this case. Our analysis begins with *Thompson*, in which a commercial truck driver charged with DUI moved to suppress BAC evidence, contending there was no probable cause to detain and test him and the implied consent warnings were confusing. *Thompson*, 138 Wn.2d at 787. The district court granted the motion, holding the implied consent warnings were confusing and misleading. *Id.* The case apparently was dismissed, and the State did not appeal. *Id.*

The defendant in *Thompson* argued the district court's suppression order collaterally estopped the Department from relying on the breath test as evidence in the administrative proceeding. *Id.* at 788. The hearing officer disagreed and declined to be bound by the district court's order. *Id.* Both the superior court and the Court of Appeals affirmed. *Id.* at 789-90.

The Supreme Court, examining the meaning of the "injustice" requirement, noted that a substantively incorrect prior ruling cannot defeat collateral estoppel. *Id.* at 795.

> We note our case law on this injustice element is most firmly rooted in procedural unfairness. "Washington courts look to whether the parties to the earlier proceeding received a full and fair hearing on the issue in question." *In re Marriage of Murphy*, 90 Wn. App. 488, 498, 952 P.2d 624 (1998). We have noted the unfairness of permitting an adjudication in an informal administrative setting, for example, to bar later criminal prosecutions. *See, e.g., State v. Williams*, 132 Wn.2d 248, 937 P.2d 1052 (1997) (administrative hearing to recoup overpayment of financial assistance sufficiently different from criminal proceeding for welfare fraud that collateral estoppel not applicable); [*State v. Dupard*, 93 Wn.2d 268, 276, 609 P.2d

961 (1980)] (determination of innocence by parole board did not preclude subsequent criminal trial on same facts because purpose of parole board hearing was to determine parole violation, while criminal proceeding was to determine if new crime committed). We have held on the other hand, however, an administrative decision may have preclusive effect on a subsequent civil action where the parties had ample incentive to litigate issues even though the remedies available in the two arenas were not identical. *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 745 P.2d 858 (1987); *Reninger v. Department of Corrections*, 134 Wn.2d 437[, 951 P.2d 782 (1998)]. We have even looked at differences in the burden of proof in the respective proceedings, as did the administrative law judge below in Thompson's license revocation hearing. *See, e.g., Beckett v. Department of Soc. & Health Servs.*, 87 Wn.2d 184, 186-88, 550 P.2d 529 (1976) (criminal acquittal did not preclude later civil fraud case because of different burdens of proof), *overruled on other grounds by Dunner v. McLaughlin*, 100 Wn.2d 832, 843, 676 P.2d 444 (1984); *Standlee v. Smith*, 83 Wn.2d 405, 518 P.2d 721 (1974) (acquittal in criminal trial not preclusive of finding of guilt in parole revocation hearing on same facts because burden of proof lower in hearing).

In the present case, the Department argues application of collateral estoppel would be unjust for policy reasons. The Department contends because "the purposes of the driver's license proceeding are separate and distinct from those supporting criminal prosecution," and because a "criminal proceeding has no bearing on the civil driver's license proceeding," the suppression ruling in the district court criminal proceeding should not have collateral estoppel effect in the subsequent administrative proceeding. . . . While it may be true the *result* of the criminal trial ought to have no bearing on the outcome of the license disqualification proceedings, it does not follow that a fully litigated and contested *evidentiary ruling* in the criminal trial ought not to have preclusive effect in a subsequent administrative proceeding, especially where, as in the present case, the same law as to admissibility applies.

*Thompson*, 138 Wn.2d at 795-97.

The Department asks us to apply *Thompson* literally and hold that, for collateral estoppel to apply, the prior ruling

must have been the result of a "fully litigated and contested" hearing. Because there was no such hearing, the Department reasons, collateral estoppel cannot apply.

Mr. Shuman contends *Thompson* stands only for the proposition that collateral estoppel generally may apply in this circumstance. He argues that, for collateral estoppel to apply, it is necessary only that "the party estopped has had a full and fair *opportunity* to present its case." *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561, 852 P.2d 295 (1993) (emphasis added); *see Barlindal v. City of Bonney Lake*, 84 Wn. App. 135, 142, 925 P.2d 1289 (1996); *see also Pederson v. Potter*, 103 Wn. App. 62, 69, 11 P.3d 833 (2000), *review denied*, 143 Wn.2d 1006 (2001). Mr. Shuman contends because the DUI prosecutor had the opportunity to present the case that he refused the breath test, the Department was estopped from relitigating the issue in the administrative revocation action.

In both *Hanson* and *Barlindal*, the prior rulings were the results of actually contested hearings as part of the criminal proceedings. Therefore, neither case directly supports Mr. Shuman's argument that only an *opportunity* to contest an issue is enough to invoke collateral estoppel. Similarly, the issue in *Pederson* was res judicata—not collateral estoppel—and its discussion of collateral estoppel therefore is dictum.

The Department relies on *In re Marriage of Murphy*, 90 Wn. App. 488, 952 P.2d 624 (1998), in which we declined to give preclusive effect to an agreed Ohio divorce decree. We noted that, "[f]or the doctrine of collateral estoppel to apply, it must be shown that the issue to be precluded was actually litigated and necessarily determined in the prior action." *Id.* at 498 (citing *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 507, 745 P.2d 858 (1987)). However, the precise issue in *Murphy* was whether the Ohio court had acquired subject-matter jurisdiction of the matter, which may not be acquired by agreement or stipulation. *Murphy*, 90 Wn. App. at 496. Our refusal to give collateral estoppel effect was based in part on the final judgment's reference to

one party's stipulation to jurisdiction and an absence of any showing in the record that the issue of jurisdiction had actually been "fully and fairly litigated, and finally decided." *Id.* at 498.

Mr. Shuman has cited one case in which a court has given collateral estoppel effect to a prior judgment that was not the result of "a fully litigated and contested" hearing. In *Miles v. Child Protective Services Department*, 102 Wn. App. 142, 153, 6 P.3d 112 (2000), *review denied*, 142 Wn.2d 1021 (2001), the court held an agreed order of dependency (amounting to a finding that children were abused or neglected) estopped the parents from relitigating the issue in a subsequent civil action. The Department contends *Miles* is distinguishable because in this case there were no findings or conclusions and it is unclear precisely what happened in the district court. But the Department may not have it both ways; either the suppression order was agreed or otherwise uncontested (in which case *Miles* applies) or it was contested (in which case *Thompson*, *Hanson*, and *Barlindal* apply).

As Professor Trautman has noted, the requirement that an issue must have been "actually litigated" in the prior case is not as clear as it may appear. Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805, 833 (1985). More useful than *Thompson*'s litigation morass is an examination into

> whether the issue was actually recognized by the parties as important and by the judge as necessary to the first judgment. If so, the determination should be conclusive, with an important qualification being whether the significance of the issue for purposes of the subsequent action was sufficiently foreseeable at the time of the first action.

*Id.* at 835.

This formulation is consistent with our decision in *Murphy*, in which there was no showing that the Ohio court

or the parties considered subject-matter jurisdiction to be an issue.

Here, although the reasons for its decision are not clear from the record, the district court and the parties clearly recognized that the circumstances of Mr. Shuman's breath test were important and necessary to the criminal litigation. No more should be required.

Indeed, requiring more would be an injustice to Mr. Shuman, who undeniably would be entitled to the benefit of collateral estoppel under *Thompson* if the court had conducted a full-blown evidentiary hearing on the issue. This injustice is recognized in the res judicata context, in which courts must respect "the convenience of the defendant who otherwise could be compelled to prepare a defense addressing the merits of the case on multiple occasions." *Wagner v. McDonald*, 10 Wn. App. 213, 218, 516 P.2d 1051 (1973). Mr. Shuman appeared in district court, ready to address the merits of his case.

The result should be binding on the City of Cle Elum and other parties in privity, whatever the reasons for the prosecutor's failure or inability to present a case. If it is a party in privity with the City of Cle Elum,[1] the Department should be estopped from relitigating the issue.

The superior court's decision is reversed, and the case is remanded to the Department for consideration of the remaining requirements of collateral estoppel.

KURTZ, C.J., and BROWN, J., concur.

---

[1] The Department's decision did not reach the issue of privity, the third element of collateral estoppel. *See Thompson*, 138 Wn.2d at 790. The issue thus is beyond the scope of this appeal. *See* RCW 46.20.308(9) (review is "limited to a determination of whether the department has committed any errors of law").