# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
              ) No. 70523-7-I
     Appellant/Cross Respondent, )
              ) DIVISION ONE
     v. )
              ) PUBLISHED OPINION
NICHOLAS JAMES LONGO, )
              )
     Respondent/Cross Appellant. ) FILED: February 9, 2015
              )

APPELWICK, J. — The State appeals the superior court's suppression of evidence and dismissal of criminal charges based on collateral estoppel from a related civil forfeiture proceeding. Bellingham police officers found a marijuana grow operation in Longo's home during the execution of a search warrant. The State brought criminal charges and the city of Bellingham initiated a civil forfeiture proceeding against him. In the civil forfeiture proceeding, Longo moved to suppress evidence of the marijuana. He argued that the warrant was not supported by sufficient probable cause that his marijuana grow operation violated the Washington State Medical Use of Cannabis Act.[1] The district court granted his motion to suppress and dismissed the civil forfeiture action. The superior court then found that it was bound under the collateral estoppel doctrine by the district court's decision that the underlying warrant was not valid. The superior court suppressed the evidence and dismissed the criminal charges. We reverse and remand.

## FACTS

On September 11, 2012, Bellingham police officers executed a warrant to search Nicholas Longo's house. Inside, they found 180 marijuana plants growing in a

---

[1] Chapter 69.51A RCW.

sophisticated operation including lights, watering systems, vents, and timers. They also found several pounds of packaged marijuana, packaging materials, and a digital scale. Longo was arrested and charged with one count of unlawful manufacturing of a controlled substance – marijuana and one count of unlawful possession of a controlled substance with intent to deliver. The city of Bellingham (City) also notified Longo that it sought forfeiture of $6,350 seized during the search.

In both the civil forfeiture proceeding and a criminal pretrial hearing, Longo moved to suppress all evidence obtained as a result of the search. He argued that the 2011 amendments to the Washington State Medical Use of Cannabis Act (MUCA) made the medical use of marijuana a lawful act, rather than an affirmative defense. Longo asserted that, to lawfully search his house, officers needed probable cause that his suspected marijuana growing was not authorized under MUCA.

On January 18, 2013, the district court granted Longo's motion to suppress and dismissed the forfeiture action. The City abandoned its appeal and the dismissal became final.

Longo then moved to dismiss his criminal case, arguing that the superior court was collaterally estopped from reconsidering the validity of the search warrant. On June 18, 2013, the superior court granted Longo's motion to suppress on collateral estoppel grounds. The court noted that it would have rejected Longo's probable cause argument.

The State appeals, asserting that collateral estoppel is inappropriate here. Longo cross appeals, arguing that we may affirm on probable cause grounds and requesting a stay until the Washington Supreme Court considers the issue.

DISCUSSION

I.  Collateral Estoppel

The State argues that the superior court erred in giving preclusive effect to the district court's order granting Longo's motion to suppress. The State maintains that the collateral estoppel doctrine is inapplicable in this context and to apply the doctrine here contravenes public policy.

Collateral estoppel is a judicially created doctrine designed to conserve judicial resources and provide finality to litigants. State v. Barnes, 85 Wn. App. 638, 652-53, 932 P.2d 669 (1997). It bars relitigation of an issue in a subsequent proceeding involving the same parties. Christensen v. Grant Cnty. Hosp. Dist. No. 1, 152 Wn.2d 299, 306, 96 P.3d 957 (2004). The party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the first proceeding. Id. at 309.

A party asserting collateral estoppel bears the burden of proving that (1) the issue decided in the prior adjudication is identical to the one presented in the second proceeding, (2) the prior adjudication ended in a final judgment on the merits, (3) the party against whom the doctrine is asserted was a party or in privity with the party to the prior adjudication, and (4) application of the doctrine does not work an injustice. Id. at 307. We review de novo whether collateral estoppel applies to bar relitigation of an issue. Id. at 305.

Here, the first two prongs are clearly satisfied. First, the legal issue was the same in both proceedings: whether the evidence should be suppressed, because there was insufficient probable cause to support the search warrant. Second, the district court dismissed the forfeiture action pursuant to granting Longo's motion to suppress. The City

3

abandoned its appeal and the dismissal became final. This constitutes a final order. See Barlindal v. City of Bonney Lake, 84 Wn. App. 135, 142, 925 P.2d 1289 (1996).

The State argues that the third element, privity, is not present here. "Privity" is the "connection or relationship between two parties, each having a legally recognized interest in the same subject matter." BLACK'S LAW DICTIONARY 1394 (10th ed. 2014). In Barlindal, the court found that Bonney Lake and Pierce County were in privity where the county brought criminal charges against Barlindal and the city subsequently sought forfeiture of his property. 84 Wn. App. 143-44. The court reasoned that both participated in the acquisition of a search warrant and the subsequent search; either could have been the seizing agency entitled to bring the forfeiture action; and both would have financially benefited from an order of forfeiture. Id. at 143. Likewise, in Barnes, the court found privity between Clallam County, which initiated a forfeiture proceeding against Barnes, and the State, which subsequently brought criminal charges against him. 85 Wn. App. at 652. The court noted that both entities were represented by the prosecutor; both relied upon the same warrant and search; and either could have benefited from an order of forfeiture. Id.

Here, however, there was no joint operation between the two entities. Only the City obtained and executed the search warrant. By statute and on these facts, the City, but not the State, was a seizing agency with the authority to commence forfeiture proceedings. See RCW 69.50.505(3). Therefore, the prosecutor was not entitled to be involved in—let alone have control over—the forfeiture proceeding. The only interest the State had in the forfeiture was its statutory recovery of ten percent of the net proceeds

4

from forfeited property. See RCW 69.50.505(9)(a). This is insufficient to constitute a mutuality of interests. The privity prong is not satisfied here.

The State further argues that to apply the collateral estoppel doctrine here would result in an injustice. It cites to Barnes, where the court considered similar facts and concluded that "compelling public policy considerations" weighed against collateral estoppel. 85 Wn. App. at 653. There, Clallam County sought forfeiture of property seized from Barnes's home. Id. at 647-48. The trial court found insufficient evidence of criminal behavior and dismissed the forfeiture. Id. The State then filed criminal charges against Barnes. Id. Barnes moved for dismissal, arguing that collateral estoppel barred the subsequent criminal prosecution. Id. The trial court denied his motion. Id. The Court of Appeals affirmed, reasoning in part that

> The purpose of the criminal code is to protect the community from "conduct that inflicts or threatens substantial harm to individual or public interests." It does so, in part, by incarcerating the perpetrator. The community also has an interest in promoting respect for the law by providing just punishment.
>
> A civil forfeiture action may deter crime, but it cannot halt the defendant's criminal activity by incarcerating him. Nor does it satisfy the public policy of punishing the defendant in proportion to the seriousness of the offense and his criminal history.

Id. at 653 (citations omitted) (quoting RCW 9A.04.020(1)(a)). Criminal prosecutions and civil forfeiture proceedings have different purposes and provide the State with different incentives. Compare RCW 9A.040.020(1)(a) with LAWS OF 1989, ch. 271, § 211. We find this rationale compelling.

Longo, on the other hand, urges this court to affirm under Barlindal, where the court found that public policy compelled the application of collateral estoppel. 84 Wn.

App. at 145. But, the Barlindal court's reasoning is inapplicable on these facts. There, the court focused on Bonney Lake's opportunity to present evidence and arguments in the criminal proceeding. Id. at 144. This was not the case here. The State was not a party to the civil forfeiture proceeding. The Barlindal court also reasoned that it would contravene public policy to allow multiple jurisdictions to bring separate forfeiture proceedings. Id. at 145. Again, that is not a concern here. The State was not a seizing agency and could not bring a separate forfeiture action against Longo.

Furthermore, this case presents a different scenario than in Barlindal. Here, the civil forfeiture preceded the criminal prosecution. This is a crucial distinction. The prosecutor has the constitutional and statutory authority to prosecute all criminal actions in which the State or county is a party. WASH. CONST. art. XI, § 5; RCW 36.27.020(4). Applying collateral estoppel in this context would allow a municipality to preempt that authority and foreclose an otherwise proper prosecution by the State. And, it could provide a strategic incentive for defendants to seek expedited forfeiture proceedings with the intent to foreclose the prosecution of criminal charges. We think the legislature would be shocked to find that the civil forfeiture proceedings it established to deter crime would instead preclude prosecution. See LAWS OF 1989, ch. 271, § 211. The legislature certainly did not intend such a result.

Clearly, public policy considerations weigh against applying collateral estoppel in this context. Application of the doctrine could also force the State to choose between fully litigating guilt in civil proceedings—defeating the purpose of the expedited forfeiture process and depleting already scarce prosecutorial resources—or abandoning civil forfeitures altogether. In the administrative context, several Washington cases have

6

addressed these concerns and found that public policy dictates against collaterally estopping criminal prosecution.[2] See, e.g., State v. Vasquez, 148 Wn.2d 303, 317-18, 59 P.3d 648 (2002) (driver's license revocation); State v. Williams, 132 Wn.2d 248, 257-58, 937 P.2d 1052 (1997) (welfare fraud); State v. Cleveland, 58 Wn. App. 634, 643-44, 794 P.2d 546 (1990) (dependency proceeding).

We conclude that applying collateral estoppel would work an injustice against the State independent of whether the State and the City were in privity. We hold that collateral estoppel is not available to preclude a criminal prosecution based on an evidentiary ruling in a civil forfeiture proceeding. We reverse the superior court's dismissal of Longo's criminal case on the basis of collateral estoppel.

## II. Longo's Cross Appeal

Longo asserts that the superior court erred in dismissing his probable cause argument. But, this court has since rejected the assertion that officers must have probable cause not only of marijuana use, but of a violation of medical marijuana law. State v. Reis, 180 Wn. App. 438, 440, 322 P.3d 1238 (2014), review granted, ___ Wn.2d ___, 336 P.3d 1165 (2014); State v. Ellis, 178 Wn. App. 801, 807, 327 P.3d 1247 (2014).

The Washington Supreme Court granted review in Reis on October 9, 2014. Longo requests that we stay his cross appeal until the Supreme Court resolves the issue. We may order a stay if we are convinced the stay is necessary to avoid undue prejudice

---

[2] We acknowledge the distinction between administrative proceedings and civil forfeitures, which are quasi-criminal in nature. See Deeter v. Smith, 106 Wn.2d 376, 378, 721 P.2d 519 (1986). But, these cases raise concerns that apply equally in the forfeiture context. And, although the district court's ruling was a purely legal decision made by a trial judge, it nonetheless interfered with the prosecutor's authority to pursue criminal prosecutions.

to a party's prosecution or defense of a matter. In re Marriage of Herridge, 169 Wn. App. 290, 302, 279 P.3d 956 (2012). The party requesting a stay must make out a clear case of hardship or inequity in being required to go forward. King v. Olympic Pipe Line Co., 104 Wn. App. 338, 350, 16 P.3d 45 (2000). Longo does not demonstrate a clear case of hardship or inequity. We decline to stay Longo's cross appeal.

We reverse and remand for further proceedings consistent with this opinion.

WE CONCUR: