# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF LONGVIEW POLICE DEPARTMENT, | No. 48410-2-II |
| Respondent, | |
| v. | |
| SIDNEY A. POTTS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Sidney A. Potts appeals the superior court's order dismissing his appeal of an administrative action forfeiting Potts's property, cash, and bank accounts. Potts argues that (1) this court's ruling in his criminal case is dispositive, (2) the superior court erred in denying his motion to vacate, (3) the superior court erred in dismissing his appeal, and (4) the superior court erred in denying his motion to compel production of records. We reverse the superior court's order dismissing Potts's appeal of the administrative action forfeiting Potts's property, cash, and bank accounts, and remand for further proceedings consistent with this opinion.

No. 48410-2-II

FACTS

A.      POTTS'S CRIMINAL CASE[1]

In July 2012, the City of Longview Police Department (the City) conducted several controlled buys with Potts. *State v. Potts*, No. 45724-5-II, slip op. at 2-3 (Wash. Ct. App. July 6, 2016), http://www.courts.wa.gov/opinions/pdf/D2%2045724-5-II%20Unpublished%20Opinion.pdf. On August 10, the City applied for a search warrant for three properties connected to Potts: Potts Family Motors, Potts's second car dealership, and Potts's home.[2] *Potts*, No. 45724-5-II, slip op. at 5. However, the actual warrant only listed Potts Family Motors in the finding of probable cause. *Potts*, No. 45724-5-II, slip op. at 5. Despite this, the City searched all three properties, and under RCW 69.50.505, seized tools, vehicles, cash, and bank accounts. *Potts*, No. 45724-5-II, slip op. at 10; Clerk's Papers at 6-7, 10.

Potts was arrested and charged with one count of leading organized crime (count I), three counts of violating the Uniform Controlled Substances Act (UCSA) with delivery within 1,000 feet of a school bus route stop (count II, III, V), one count of violating the UCSA with possession within 1,000 feet of a school bus route stop (count VI), one count of violating the UCSA with delivery (count IV), and one count of money laundering (count VII). *Potts*, No. 45724-5-II, slip op. at 6. The State also filed aggravating factors, alleging that the current offense was a major

[1] The facts pertaining to Potts's criminal case are taken from our decision in his criminal appeal, which was included in the supplemental clerk's papers for this case. *State v. Potts*, No. 45724-5-II, slip op. at 2 (Wash. Ct. App. July 6, 2016), http://www.courts.wa.gov/opinions/pdf/D2%2045724-5-II%20Unpublished%20Opinion.pdf.

[2] In the City's response to Potts's motion to vacate, it noted that the search warrants were for three addresses in Longview, Washington: 411 Oregon Way (Potts Family Motors); 1275 Alabama Street (Potts's second dealership); and 2839 Louisiana Street (Potts's home).

violation of the UCSA for criminal profiteering. *Potts*, No. 45724-5-II, slip op. at 6. Subsequently, count VII was dismissed and the sentencing enhancements on counts V and VI were also dismissed. *Potts*, No. 45724-5-II, slip op. at 6.

While charges were pending, Potts moved for the return of his property. *Potts*, No. 45724-5-II, slip op. at 10 n.7. The trial court denied Potts's motion. *Potts*, No. 45724-5-II, slip op. at 10 n.7.

In November 2013, Potts was convicted of all the remaining counts and aggravators. *Potts*, No. 45724-5-II, slip op. at 19. Potts appealed his convictions. *Potts*, No. 45724-5-II, slip op. at 19. Potts also challenged in a statement of additional grounds the trial court's denial of his motion for the return of property. *Potts*, No. 45724-5-II, slip op. at 50.

On July 6, 2016, we affirmed his convictions, but held that the search warrant only authorized a search for the property connected with Potts Family Motors.[3] *Potts*, No. 45724-5-II, slip op. at 47. We also held that "because Potts will not be retried and because we conclude above that the search warrant for Potts's home [2839 Louisiana Street] was invalid, we conclude the property seized from Potts's home should be returned to its rightful owner(s)."[4] *Potts*, No. 45724-5-II, slip op. at 51.

---

[3] On appeal, the State conceded that the warrant did not authorize seizure of tools. *Potts*, No. 45724-5-II, slip op. at 47 n.25.

[4] The opinion is silent as to whether the property from Potts's second dealership located at 1275 Alabama Street was to be returned to the rightful owner.

B.    POTTS'S CIVIL FORFEITURE CASE

On December 19, 2013, prior to this court's decision in Potts's direct appeal, a civil forfeiture hearing was held regarding property the City had seized from Potts.[5] The hearing officer concluded that the property was obtained in the commission of a felony relating to the sale or delivery of illegal controlled substances, and was subject to forfeiture under former RCW 69.50.505(a)(4).[6] On January 29, 2014, the hearing officer entered findings of fact and conclusions of law, and ordered the property forfeited to the City.[7]

On March 5, Potts filed a notice of appeal with the superior court, appealing the order of forfeiture, and mailed a copy to the City. Potts stated that he was notified of the forfeiture of his property, attached the hearing officer's order, and requested the superior court set a schedule for pursuing the appeal.

On July 1, the City filed a motion to dismiss Potts's appeal, arguing that the City was not properly served with the notice of appeal. On July 10, Potts filed a judicial notice of fact, which included additional facts and argument against forfeiture, and requested that his property be held until a final decision on appeal. On July 30, the superior court subsequently granted the City's motion and dismissed Potts's appeal of the forfeiture order.

---

[5] The seized property at issue in the forfeiture hearing included 29 vehicles, 19 tools and pieces of equipment, and almost $56,000 in cash and bank accounts.

[6] RCW 69.50.505 was amended in 2003. No substantive changes were made; rather, the paragraphs within this statute were renumbered. LAWS OF 2003, ch. 53, § 348. The provision cited to by the hearing officer is now RCW 69.50.505(1)(d).

[7] The order was served on Potts on February 18, 2014.

On August 6, Potts appealed the superior court's dismissal of his appeal to this court. On appeal, the City withdrew its argument that it was not timely served with the notice of appeal. *City of Longview Police Dep't v. Potts*, No. 46574-4-II, slip op. at 1 (Wash. Ct. App. July 14, 2015), http://www.courts.wa.gov/opinions/pdf/D2%2046574-4-II%20Unpublished%20Opinion.pdf. Rather, the City argued for the first time on appeal that the appeal was properly dismissed because Potts failed to comply with the requirements of RCW 34.05.546. *Potts*, No. 46574-4-II, slip op. at 2.

We treated the City's withdrawal of its untimely service argument as a concession that the superior court erred in dismissing Potts's appeal, held that the superior court improperly dismissed Potts's appeal, and remanded the case to the superior court. *Potts*, No. 46574-4-II, slip op. at 2, 3-4. We did not address the City's argument on RCW 34.05.546 raised for the first time on appeal, but expressly stated that "[o]n remand, the City is free to argue that Potts's notice of appeal did not comply with RCW 34.05.546." *Potts*, No. 46574-4-II, slip op. at 4.

On August 10, 2015, Potts filed a supplemental notice of appeal in the superior court. The supplemental notice included additional facts and argument against forfeiture, such as the lack of probable cause for the seizure of property, and requested that such property be returned. The City responded by filing a motion to dismiss the appeal, arguing that Potts failed to comply with RCW 34.05.546.

On October 14, the superior court held a hearing on the City's motion and granted the City's motion to dismiss Potts's appeal pursuant to RCW 34.05.546. On November 9, Potts appealed the superior court's order of dismissal pursuant to RCW 34.05.546. We accepted review on April 7, 2016. .

5

After we accepted review, Potts filed a motion in the superior court to compel the City to produce the agency record for his appeal pursuant to RCW 34.05.566(1). The superior court held a hearing on Potts's motion to compel and denied the motion.

Also after we accepted review, Potts filed a motion in the superior court to vacate the order dismissing his appeal. The superior court denied Potts's motion.

ANALYSIS

A. DISMISSAL OF APPEAL

Potts argues that the superior court erred when it dismissed his appeal pursuant to RCW 34.05.546. Specifically, Potts argues that the superior court had jurisdiction over his appeal,[8] his notice of appeal complied with RCW 34.05.546, his notice of appeal substantially complied with RCW 34.05.546, he remedied any noncompliance, and the dismissal was not the proper remedy for any noncompliance.[9]

1. Compliance with RCW 34.05.546

Under RCW 34.05.546, the petition for review must include:

(1) The name and mailing address of the petitioner;

---

[8] Potts argues that the superior court had jurisdiction to review his appeal, and because the City does not dispute this, we do not address the issue.

[9] Potts also argues in his reply that the superior court violated his due process rights when it granted the State's motion to dismiss his appeal pursuant to RCW 34.05.546. Although this alleged violation was noted in Potts's notice of appeal, he failed to provide argument in his opening brief as required by RAP 10.3, and does so for the first time in his reply. We will not consider due process arguments raised for the first time in a reply brief. *Joy v. Dep't of Labor & Indus.*, 170 Wn. App. 614, 630, 285 P.3d 187 (2012), *review denied*, 176 Wn.2d 1021 (2013). Potts also fails to provide any relevant legal argument or support for his argument. He only cites to the civil rules and judicial rules of conduct but does not explain how his due process rights were violated by a violation of these rules. Therefore, we decline to address this claim. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

(2) The name and mailing address of the petitioner's attorney, if any;
(3) The name and mailing address of the agency whose action is at issue;
(4) Identification of the agency action at issue, together with a duplicate copy, summary, or brief description of the agency action;
(5) Identification of persons who were parties in any adjudicative proceedings that led to the agency action;
(6) Facts to demonstrate that the petitioner is entitled to obtain judicial review;
(7) The petitioner's reasons for believing that relief should be granted; and
(8) A request for relief, specifying the type and extent of relief requested.

In his petition for review, Potts only noted when he was informed of the forfeiture of certain property, acknowledged the 30-day deadline for filing a notice of appeal, requested the superior court set a schedule for the appeal, and attached the hearing officer's forfeiture order. Potts did not include his mailing address, the "name and mailing address of the agency whose action [was] at issue," "[i]dentification of the agency action at issue, together with a duplicate copy, summary, or brief description of the agency action," "[i]dentification of persons who were parties in any adjudicative proceedings that led to the agency action," "[f]acts to demonstrate that the petitioner [was] entitled to obtain judicial review," "reasons for believing that relief should be granted," nor "[a] request for relief, specifying the type and extent of relief requested." RCW 34.05.546.

While Potts argues that he complied with RCW 34.05.546 by attaching the forfeiture order, this argument is not persuasive. Such attachment has only been held as substantial compliance when the content of the attachment meets the requirements of RCW 34.05.546. *See Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 557, 958 P.2d 962 (1998*).*

Potts did not comply with the requirements of RCW 34.05.546 by attaching the forfeiture order. Unlike *Skagit Surveyors* where the missing required information was included in the forfeiture order, the missing and required information here was not stated in the hearing officer's forfeiture order. Neither Potts's petition nor the forfeiture order included Potts's mailing address,

facts to demonstrate that he was entitled to obtain judicial review, reasons for believing that relief should be granted, nor a request for relief, specifying the type and extent of relief requested. Therefore, Potts did not comply with RCW 34.05.546.

2.      Substantial Compliance with RCW 34.05.546

Alternatively, Potts argues that he substantially complied with RCW 34.05.546 by attaching the forfeiture order to his notice of appeal.  Again, we disagree.

"[A]n essential aspect of substantial compliance is some level of *actual* compliance with the substance essential to the statute, although a procedural fault rendered the compliance imperfect." *Clymer v. Emp't Sec. Dep't*, 82 Wn. App. 25, 28-29, 917 P.2d 1091 (1996).  But "a failure to comply (through inaction, inadvertence, or in a manner which does not fulfill the objective of the statute), or belated compliance, cannot constitute substantial compliance with the requirements relating to the filing of a petition for judicial review." *Id*. at 29.

Here, Potts argues that he substantially complied with RCW 34.05.546 by attaching the forfeiture order to his notice of appeal.  But attaching the forfeiture order did not constitute substantial compliance.  While the forfeiture order included his business mailing address, the name of the agency whose action was at issue, identified the agency action at issue, and identified persons who were parties in proceedings that led to the action at issue, the forfeiture order did not include all the requirements that were missing in his notice of appeal.  Specifically, the forfeiture order did not include "[f]acts to demonstrate that the petitioner [was] entitled to obtain judicial review," "reasons for believing that relief should be granted," or "[a] request for relief, specifying the type and extent of relief requested."  RCW 34.05.546.  Because there was no level of compliance with these requirements, Potts failed to substantially comply with RCW 34.05.546.

3.     Noncompliance Cured

Potts argues that his judicial notice of fact and supplemental notice of appeal cured any noncompliance with RCW 34.05.546.  We agree.

A petition for review must be timely filed and contain the statutorily required information. *See* RCW 34.05.542 and .546.  But when procedural defects exist in a timely filed petition, courts should provide a reasonable time to cure once the defect is brought to the attention of the petitioner. *See e.g., Biomed Comm, Inc. v. Dep't of Health Bd. of Pharmacy*, 146 Wn. App. 929, 938, 193 P.3d 1093 (2008).

Here, Potts's petition seeking review of the forfeiture order by the superior court was timely filed on March 5, 2014, but the petition did not contain the information required under RCW 34.05.546.  Potts endeavored to cure any noncompliance with RCW 34.05.546 by filing his judicial notice of fact on July 10, 2014.  Potts's judicial notice of fact, combined with his original petition and attached forfeiture order, contained all of the information required under RCW 34.05.546.

Potts first appealed the superior court's order dismissing his appeal of the forfeiture order on August 6, 2014.  The City argued for the first time in that appeal that Potts failed to meet the requirements of RCW 34.05.546.  We reversed the superior court's dismissal of Potts's petition and held that the City was free to argue that Potts failed to meet the requirements of RCW 34.05.546 on remand.

After we filed our decision, Potts filed a supplemental notice of appeal.  The supplemental notice contained additional facts to demonstrate that the seizure of property from Potts's home and second dealership was done without probable cause, additional reasons for believing relief should be granted (that the seizure was unlawful), and another request for return of the unlawfully seized

property. These additional facts, reasons, and requests for relief further cured Potts's initial noncompliance with RCW 34.05.546. Under these circumstances, we hold that Potts cured any noncompliance with RCW 34.05.546.

B.    EFFECT OF CRIMINAL PROCEEDING

Potts argues that this court's holding in his criminal case controls the outcome of the civil forfeiture action. We agree.

1.    Collateral Estoppel

Criminal proceedings and civil forfeiture proceedings, while parallel, are separate. *See* RCW 69.50.505; *Deeter v. Smith*, 106 Wn.2d 376, 378, 721 P.2d 519 (1986). But courts have found that a criminal ruling, including rulings on the legality of a seizure, controls in a parallel civil forfeiture proceeding when collateral estoppel applies. *See Barlindal v. City of Bonney Lake,* 84 Wn. App. 135, 145, 925 P.2d 1289 (1996); *see also City of Walla Walla v. $401,333.44*, 150 Wn. App. 360, 365-66, 208 P.3d 574 (2009).

Collateral estoppel requires a showing of: (1) identical issues, (2) a final judgment on the merits, (3) the party against whom the issue is asserted must have been a party to or in privity with a party to the prior adjudication, and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. *$401,333.44*, 150 Wn. App. at 365. "Privity denotes a mutual or successive relationship to the same right or property." *Barlindal*, 84 Wn. App. at 143.

Here, collateral estoppel applies. First, the issues are identical—whether there was a search pursuant to a valid warrant. Second, there is a final judgment on the legality of the search issue on the merits—the State Supreme Court denied Potts's petition for review in the criminal case and

a mandate has been issued. Third, privity exists between the City and the State. The City and the State both operated under the same state law, relied upon the same search warrant and subsequent search, and both would benefit from an order of forfeiture as 10 percent of the proceeds of any property forfeited must be remitted to the state treasurer and deposited into the state general fund. *See* RCW 69.50.505(9)(a). The City and the State "had a mutual interest and shared a common purpose in a successful prosecution . . . as well as a successful forfeiture of [the owner's] possessions."[10] *Barlindal,* 84 Wn. App. at 143. Fourth, injustice would not result against the City because its officers conducted the initial investigation and created the affidavit of probable cause, the affidavit was then used to support the warrant used in this case to conduct the search and seizure, and that affidavit and warrant was reviewed at trial and on appeal. Therefore, collateral estoppel applies.[11]

   2.    Void Forfeiture Order

   Applying our prior holding in the criminal appeal, we hold the forfeiture order was void as it related to the property seized from Potts's home and his second dealership.

---

[10] Furthermore, "the inability of a [City] attorney to control the prosecution does not diminish the common interests that both agencies have in the outcome of the prosecution." *Barlindal,* 84 Wn. App. at 144.

[11] Potts also argues that (1) the search warrant did not authorize seizure of certain property from Potts Family Motors, and thus, that property could not be forfeited; and (2) the Department failed to follow RCW 69.50.505's notice requirements. Our record on appeal contains neither the search warrant nor evidence of any notice or lack thereof. Therefore, we decline to address this issue. *Wash. Pub. Tr. Advocates v. City of Spokane*, 120 Wn. App. 892, 898, 86 P.3d 835 (2004) ("If the record is insufficient for review, we may decline review of a particular issue.").

a.      Legal principles

Under RCW 69.50.505(1)(b), any equipment used, or intended to be used, to produce or deliver any controlled substance under the chapter, is subject to forfeiture.  Any vehicles used, or intended to be used, to facilitate the sale, delivery, or receipt of any controlled substance under the chapter are also subject to forfeiture.  RCW 69.50.505(1)(d).  And any monies furnished or intended to be furnished in exchange for a controlled substance in violation of the chapter are also subject to forfeiture.  RCW 69.50.505(g).

Property subject to forfeiture may be seized by any law enforcement officer without process if the seizure is incident to a search warrant.  RCW 69.50.505(2)(a).  The authority to order forfeiture is statutory and must comply with proper forfeiture procedure.  *City of Walla Walla v. $401,333.44*, 164 Wn. App. 236, 246, 262 P.3d 1239 (2011).

We review final agency orders under the APA, "stand[ing] in the shoes of the superior court." *Musselman v. Dep't of Soc. & Health Servs.*, 132 Wn. App. 841, 846, 134 P.3d 248 (2006).  When a trial court lacks the authority to enter an order, the order is void.  *Servatron, Inc. v. Intelligent Wireless Prods., Inc.*, 186 Wn. App. 666, 679-80, 346 P.3d 831 (2015).  We review de novo whether a judgment is void.  *Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 195, 312 P.3d 976 (2013), *review denied*, 179 Wn.2d 1010 (2014).

b.      Property illegally seized from Potts's home and second dealership

Here, we held in Potts's criminal appeal that the search warrant used by the City to search Potts's home and his second dealership, and seize property from those properties, was invalid.  *See Potts*, slip. op. at 47-48, 51.  Therefore, the seizure of property from those two properties was unlawful.

Potts argues that this seizure pursuant to an invalid warrant for lack of probable cause rendered the hearing officer without jurisdiction. But the lack of probable cause for a seizure goes to the merits of a forfeiture claim, and not to a court's jurisdiction to hear the claim. *$401,333.44*, 164 Wn. App. at 251.

Here, because the City unlawfully seized the property from Potts's home and the second dealership, the hearing officer could not find that the property was seized pursuant to RCW 69.50.505, which allows officers to seize property without process if done so under a search warrant. Without such a finding, the hearing officer could not order the property forfeited. Therefore, we hold that the forfeiture order relating to the property seized from Potts's home and his second dealership was void and vacate those portions of the order.[12]

C.      MOTION TO VACATE

Potts argues that the superior court erred when it denied his motion to vacate the dismissal of his appeal. We do not address this claim.

Under RAP 5.3(a), a notice of appeal must "designate the decision or part of decision which the party wants reviewed." We will review a trial court decision not designated in the notice of appeal, "if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." RAP 2.4(b). If a party wants to seek review of a trial court decision entered "after review in the same case has

---

[12] We note that it would be the height of irony in this case if the State were allowed to keep unconstitutionally seized property because Potts did not provide a mailing address under RCW 34.05.546.

been accepted by the appellate court, the party must initiate a separate review of the decision by timely filing a notice of appeal." RAP 5.1(f).

Here, Potts did not designate the superior court's denial of his motion to vacate in his notice of appeal. And Potts did not initiate a separate review of the denial by filing another notice of appeal. Furthermore, the superior court's denial of Potts's motion to vacate the order does not prejudicially affect the order of dismissal pursuant to RCW 34.05.546, which is the decision on appeal. The superior court's denial of Potts's motion to vacate is not before this court on appeal, and we do not address it further.[13]

D.      MOTION TO COMPEL

Potts argues that the superior court erred when it denied his motion to compel agency records. The record on appeal does not contain Potts's motion, but contains only objections and responses thereto. The record is insufficient for us to address this claim. *Wash. Pub. Tr. Advocates v. City of Spokane*, 120 Wn. App. 892, 898, 86 P.3d 835 (2004).

---

[13] Potts also argues that we should vacate the hearing officer's forfeiture order and the superior court's dismissal order because: the hearing officer did not have personal jurisdiction over the property seized from Potts Family Motors due to the City's failure to provide the required notice to Potts Family Motors, notice was served on the hearing officer that the property belonged to Potts Family Motors, and no hearing was held to determine the ownership of the property seized. However, the record is insufficient for us to address this issue. *Wash. Pub. Tr. Advocates*, 120 Wn. App. at 898. The notice allegedly provided does not exist in the record. Therefore, we decline to address this claim.

No. 48410-2-II

We reverse the superior court's order dismissing Potts's appeal of the administrative action forfeiting Potts's property, cash, and bank accounts and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, P.J.

Sutton, J.

15