# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54007-0-II |
| Respondent, | |
| v. | |
| DARCUS DEWAYNE ALLEN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — This is the third appeal involving Dorcus Allen's convictions for four

counts of first degree murder.[1]  In this case, the State appeals a trial court's decision to dismiss an

aggravating sentencing factor on double jeopardy grounds.  In 2011, a jury found Allen guilty of

four counts of first degree murder and also found that the State had proven an aggravating

sentencing factor under RCW 9.94A.535(3)(v).[2]  However, the jury unanimously found that the

State had not met its burden of proof regarding the similarly worded aggravating circumstance

---

[1] The superior court case caption spells the defendant's first name as Darcus while the
defendant's briefing spells his first name as Dorcus.  We are required to use the same caption
from the superior court in our opinion.  RAP 3.4.  There has been no motion to amend the case
caption, but we use the spelling from the defendant's briefing in the body of our opinion.

[2] RCW 9.94A.535(3) is an exclusive list of factors that can support a sentence above the standard
sentencing range.  Subsection (v) lists knowingly committing a crime against a law enforcement
officer who was performing their duties as one of these factors.

under RCW 10.95.020(1).[3] Our Supreme Court has reviewed Allen's case twice.[4] In the first case, it vacated Allen's convictions and remanded for trial. In the second case, it held that the prohibition against double jeopardy barred the State from realleging the RCW 10.95.020(1) aggravator because the jury unanimously determined it did not apply. After the most recent remand to superior court, Allen moved to strike the RCW 9.94A.535(3)(v) sentencing aggravator, arguing that double jeopardy and collateral estoppel barred successive prosecution of that aggravator as well. The trial court granted the motion, and we granted the State's motion for discretionary review.

The State argues that the law of the case doctrine precluded Allen from challenging the RCW 9.94A.535(3)(v) issue. The State further argues that neither double jeopardy nor collateral estoppel bars prosecution under RCW 9.94A.535(3)(v).

We hold that the law of the case doctrine does not preclude the trial court from considering double jeopardy or collateral estoppel. However, we further hold that neither double jeopardy nor collateral estoppel bars prosecution under RCW 9.94A.535(3)(v) because it is not the same as RCW 10.95.020(1) for double jeopardy purposes, and because the ultimate issues of fact to convict on RCW 9.94A.535(3)(v) were not resolved by Allen's acquittal. We reverse and remand for further proceedings consistent with this opinion.

---

[3] RCW 10.95.020(1) defines the crime of aggravated first degree murder as first degree murder plus one of the listed aggravating circumstances. Murdering, with requisite knowledge, a law enforcement officer who was performing their duties is one of the listed circumstances.

[4] *State v. Allen*, 182 Wn.2d 364, 341 P.3d 268 (2015); *State v. Allen*, 192 Wn.2d 526, 431 P.3d 117 (2018).

No. 54007-0-II

FACTS

In 2011, a jury found Allen guilty of four counts of first degree murder after being tried as an accomplice to the fatal shooting of four police officers in Lakewood. The State alleged two aggravating circumstances that would have elevated the crimes from first degree murder to aggravated first degree murder. Allen was not convicted of *aggravated* first degree murder because the jury unanimously answered "no" to the questions regarding whether the State had met its burden of proof on that aggravating circumstance; the jury found that the State had not proven under RCW 10.95.020(1) that Allen was a major participant who caused the deaths of law enforcement officers who were performing their official duties at the time of the murder, and that Allen knew or reasonably should have known such at the time.[5] However, the jury did find that the State had sufficiently proven facts to support an aggravating sentencing factor under

---

[5] RCW 10.95.020 provides:

> A person is guilty of aggravated first degree murder, a class A felony, if he or she commits first degree murder as defined by RCW 9A.32.030(1)(a), as now or hereafter amended, and one or more of the following aggravating circumstances exist:
>
> (1) The victim was a law enforcement officer, corrections officer, or firefighter who was performing his or her official duties at the time of the act resulting in death and the victim was known or reasonably should have been known by the person to be such at the time of the killing.

No. 54007-0-II

RCW 9.94A.535(3)(v).[6] Specifically, the jury found that Allen had committed the murders against law enforcement officers who were performing their official duties at the time of the crimes, and that Allen knew the victims were law enforcement officers.

The jury instructions defined "knowledge" as follows:

A person knows or acts knowingly or with knowledge with respect to a fact or circumstance when he or she is aware of that fact or circumstance.

If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.

When acting knowingly is required to establish an element of a crime, the element is also established if a person acts intentionally.

Clerk's Papers (CP) 19.

A separate jury instruction, Instruction 19, explained that if the jury found Allen guilty of first degree murder, it must determine whether aggravating circumstances had been proved. That instruction stated in part, "For the aggravating circumstances to apply, the defendant must have been a major participant in the acts causing the death of the victim and that the aggravating factors must specifically apply to the defendant's actions. The State has the burden of proving this beyond a reasonable doubt. If you have a reasonable doubt whether the defendant was a

---

[6] RCW 9.94A.535(3)(v) provides:

(3) Aggravating Circumstances--Considered by a Jury--Imposed by the Court
Except for circumstances listed in subsection (2) of this section, the following circumstances are an exclusive list of factors that can support a sentence above the standard range. Such facts should be determined by procedures specified in RCW 9.94A.537.
. . .

(v) The offense was committed against a law enforcement officer who was performing his or her official duties at the time of the offense, the offender knew that the victim was a law enforcement officer, and the victim's status as a law enforcement officer is not an element of the offense.

4

major participant, you should answer the special verdict 'no.'" CP 30. Instruction 19 contains the language from RCW 10.95.020(1). The jury was not separately instructed regarding the RCW 9.94A.535(3)(v) aggravating circumstance. None of the special verdict forms included the "major participant" language.

After the jury found Allen guilty of four counts of first degree murder, he appealed his convictions. Our Supreme Court reversed, holding that the State had committed prosecutorial misconduct. *State v. Allen*, 182 Wn.2d 364, 387, 341 P.3d 268 (2015) (*Allen* I).

In *Allen* I, our Supreme Court also addressed "whether an accomplice is subject to a sentence outside the statutory range based on the aggravating circumstance found in RCW 9.94A.535(3)(v)." *Allen*, 182 Wn.2d at 369. Allen had argued that RCW 9.9A.535(3)(v) did not apply to him because it did not expressly state that it applied to accomplices. *Allen*, 182 Wn.2d at 382. Our Supreme Court rejected that argument and clarified that, on remand, "Allen is subject to an exceptional sentence so long as the jury makes the requisite findings to satisfy the elements of RCW 9.94A.535(3)(v) and such findings are based on Allen's own misconduct." *Allen*, 182 Wn.2d at 382-83. The court neither addressed issues of double jeopardy nor discussed the "major participant" requirement.

On remand, the State refiled the same charges against Allen in a second amended information, and Allen moved to dismiss the RCW 10.95.020 aggravating circumstance under double jeopardy. The trial court granted the motion, and the State appealed. Our Supreme Court affirmed on double jeopardy grounds, holding that Allen had been unanimously acquitted of the RCW 10.95.020 factors. *State v. Allen*, 192 Wn.2d 526, 544, 431 P.3d 117 (2018) (*Allen* II).

No. 54007-0-II

Applying *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) and the plurality decision from *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003), our Supreme Court reasoned that the RCW 10.95.020 factors are elements of the offense of aggravated first degree murder and, thus, are subject to double jeopardy under the federal and state constitutions. *Allen*, 192 Wn.2d at 543-44. Again, the court did not discuss the "major participant" language. The court specifically stated that the RCW 9.94A.535(3)(v) aggravating factors were not before the court on review. *Allen*, 192 Wn.2d at 530 n.2.

When the case returned to the trial court, Allen moved to strike the RCW 9.94A.535(3)(v) aggravating factors from the second amended information under double jeopardy and collateral estoppel. The trial court granted the motion to strike, stating that "Allen cannot be retried as to the elements and circumstances because to do so would violate Allen II[,] Article I, Section 9 of the Washington State Constitution, the 5th Amendment of the United States Constitution, Double Jeopardy and collateral estoppel clauses of the United States and Washington State Constitutions." CP 169. The State then moved this court for discretionary review, which we granted.

The State appeals the trial court's order granting the motion to strike the RCW 9.94A.535(3)(v) aggravating factors from the second amended information.

ANALYSIS

The State argues that the trial court erred by striking the RCW 9.94A.535 factors because the law of the case doctrine prevented the court from reconsidering this issue, and neither double jeopardy nor collateral estoppel bars prosecution under RCW 9.94A.535(3)(v). We hold that the

6

No. 54007-0-II

law of the case doctrine did not preclude the trial court from considering Allen's arguments, but neither double jeopardy nor collateral estoppel barred the State from charging Allen with the RCW 9.94A.535(3)(v) aggravator.

## I. LAW OF THE CASE

The State argues that Allen's claims of double jeopardy and collateral estoppel with respect to RCW 9.94A.535(3)(v) are barred by under the law of the case doctrine. Specifically, the State argues that our Supreme Court's holding in *Allen* I, expressly stating that Allen may be subject to prosecution under RCW 9.94A.535(3)(v) on remand, is binding upon the trial court as the law of the case. We disagree.

The law of the case doctrine provides that a legal decision of an appellate court establishes the law of the case and must be followed in subsequent stages of the litigation. *Pac. Coast Shredding, LLC v. Port of Vancouver, USA*, 14 Wn. App. 2d 484, 507, 471 P.3d 934 (2020). This rule "forbids, among other things, a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case." *Pac. Coast Shredding, LLC*, 14 Wn. App. 2d at 507 (quoting *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 56, 366 P.3d 1246 (2015)).

The law of the case doctrine derives from the common law, but is also codified in RAP 2.5(c).[7] *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). RAP 2.5 gives some discretion to the appellate courts for revisiting the law of the case, although it makes mandatory and binding the law of the case upon trial courts. *Lodis*, 192 Wn. App. at 57.

The Task Force Comment to RAP 2.5 accompanying the rule as first proposed to our Supreme Court in 1974 illustrates that trial courts should retain some independent judgment as to issues not actually litigated by the appellate court on remand:

> Subsection (c)(1) restricts the doctrine as it relates to trial court decisions after the case is remanded by the appellate court. The trial court may exercise independent judgment as to decisions to which error was not assigned in the prior review, and these decisions are subject to later review by the appellate court.

2A Karl B. Tegland, WASHINGTON PRACTICE: RULES PRACTICE 86 (7th ed. 2011).

This comment coincides with our articulation of the law of the case doctrine, describing a limitation that issues actually litigated must be done so either "explicitly or by reasonable implication." *Pac. Coast Shredding, LLC*, 14 Wn. App.2d at 507. "An opinion is not authority for what is not mentioned therein and what does not appear to have been suggested to the court

---

[7] RAP 2.5 states:

(c) **Law of the Case Doctrine Restricted.** The following provisions apply if the same case is again before the appellate court following a remand:

(1) *Prior Trial Court Action.* If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

(2) *Prior Appellate Court Decision.* The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

by which the opinion was rendered." *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 600, 316 P.3d 1007 (2014) quoting *Cont'l Mut. Sav. Bank v. Elliot*, 166 Wash. 283, 300, 6 P.2d 638, 81 A.L.R. 1005 (1932). For issues not decided either explicitly or by reasonable implication, the trial court is free to exercise independent judgment without offending the law of the case because no law of the case has been handed down with respect to those issues.

Here, our Supreme Court in *Allen* I did not explicitly address either double jeopardy or collateral estoppel. *Allen* I addressed only the question of "[d]oes the aggravator found in RCW 9.94A.535(3)(v), which is silent as to accomplice liability, apply to a defendant charged as an accomplice?" *Allen*, 182 Wn.2d at 373. Allen had argued the statute did not apply to accomplices, and the State had argued that sentencing statutes apply to accomplices absent specific language. *Allen*, 182 Wn.2d at 382-83. Our Supreme Court considered these arguments and then stated:

> We reject both of these arguments and clarify that, on remand, Allen is subject to an exceptional sentence so long as the jury makes the requisite findings to satisfy the elements of RCW 9.94A.535(3)(v) and such findings are based on Allen's own misconduct.

*Allen*, 182 Wn.2d at 382-83. The court also stated, "An exceptional sentence under RCW 9.94A.535(3)(v) may be imposed on remand if the jury finds the required elements based on Allen's own misconduct." *Allen*, 182 Wn.2d at 385.

Although our Supreme Court explicitly stated that Allen was subject to an exceptional sentence under RCW 9.94A.535(3)(v), it did not mention either double jeopardy or collateral estoppel. *See Allen*, 182 Wn.2d at 382-385. Thus, this court must next consider whether these issues were decided by *Allen* I by reasonable implication. We hold that they were not.

Nothing in *Allen* I's analysis regarding RCW 9.94A.535 reasonably implicates the issue of double jeopardy or collateral estoppel. As stated above, the court's decision was based solely on the issue of whether an accomplice could be subject to an exceptional sentence under RCW 9.94A.535(3)(v) as a matter of law. This legal issue is entirely divorced from the concepts of collateral estoppel or double jeopardy.

Furthermore, *Allen* II did not consider RCW 9.94A.535(3)(v) at all. In fact, note 2 specifically states, "On each count, Allen was also charged with a firearm enhancement and an additional aggravating circumstance pursuant to RCW 9.94A.535(3)(v). These additional aggravators are not before us." 192 Wn.2d at 530 n. 2. We cannot now say that *Allen* II's explicit renunciation of the issue necessarily implicates a holding in the State's favor. Collateral estoppel and double jeopardy as they may apply to RCW 9.94A.535(3)(v) was not at issue in *Allen* II.

The law of the case doctrine does not operate to bar examination of these issues because the issues have not yet been litigated. Thus, we hold that the law of the case doctrine does not bar consideration of the issues of double jeopardy or collateral estoppel, and we now turn to those issues.

## II. DOUBLE JEOPARDY

The State argues that the trial court erred when it struck the RCW 9.94A.535(3)(v) aggravating circumstances for each of the four counts of first degree murder. The State argues that the RCW 9.94A aggravating circumstances listed in the second amended information are not the same as the RCW 10.95 aggravating circumstances described in the jury instructions from

the 2011 trial because each aggravating circumstance requires proof of a fact that the other does not. We agree.

The prohibition against double jeopardy is rooted in both the United States and Washington constitutions. The United States constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. const. amend. V. The Washington Constitution provides that "[n]o person shall . . . be twice put in jeopardy for the same offense." Wash. Const. art. I, § 9. Both constitutions provide the same protection against double jeopardy. *In re Pers. Restraint of Moi*, 184 Wn.2d 575, 579, 360 P.3d 811 (2015). The double jeopardy provisions prohibit successive prosecutions for an offense on which a defendant has been acquitted. *Allen*, 192 Wn.2d at 532. Issues of double jeopardy present questions of law that this court reviews de novo. *State v. Arndt*, 194 Wn.2d 784, 815, 453 P.3d 696 (2019).

Although the aggravating circumstances alleged here are not "offenses," the same double jeopardy principles apply. *Allen*, 192 Wn.2d at 543. In determining whether a person has been placed twice in jeopardy for the same offense, this court determines "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L. Ed. 306 (1932). Moreover, under the law of the case doctrine, the State is required to prove every element in the "to convict" instruction beyond a reasonable doubt. *State v. Johnson*, 188 Wn.2d 742, 756, 399 P.3d 507 (2017). This includes even "otherwise unnecessary elements," when such additional elements are included in the "to convict"

11

instructions without objection.[8]  *State v Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998).

Thus, in applying *Blockburger* to this case, we look at the acquitted offense as defined in the jury

instructions, and the new offense as it appears in the second amended information.[9]

Here, Instruction 19 required proof beyond a reasonable doubt that "the defendant must

have been a major participant in acts causing the death of the victim" to apply the aggravator

from RCW 10.95.  CP 30.  This is an additional element not in the statute, but its necessity is

irrelevant because the law of the case doctrine bound the State to prove all the facts in the to-

convict jury instructions.  Proof of the "major participant fact" however, was not required to

---

[8] The necessity of the "major participant" language in a non-death penalty case has not been directly settled by our courts.  In *State v. Whitaker*, Division One of this court acknowledged the strong possibility that it would not be an error to omit the "major participant" language from the jury instructions in non-death penalty cases.  133 Wn. App. 199, 235, 135 P.3d 923 (2006).  This is in accord with the reasoning from *State v. Roberts*, which recognized that this special instruction was necessitated by the Eight Amendment, specifically in death penalty cases.  142 Wn.2d 471, 502, 14 P.3d 713 (2000).  *Roberts* states,

> [t]he imposition of a capital sentence is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments if it is imposed without an individualized determination that the punishment is appropriate . . . . We, therefore, hold that major participation by a defendant in the acts giving rise to the homicide is required in order to execute a defendant convicted solely as an accomplice to premeditated first degree murder. Merely satisfying the minimal requirements of the accomplice liability statute is insufficient to impose the death penalty under RCW 10.95.020, the Eighth and Fourteenth Amendments, and the cruel punishment clause of the Washington State Constitution.

 *Roberts,* 142 Wn.2d at 502, 505-06.

[9] Allen argues that the major participant fact is not an element of the RCW 10.95 aggravator as charged to the jury because it is not required by law, and because it does not "increase the penalty for a crime," citing *Alleyne*, 570 U.S. at 103.  But under *Hickman*, the fact that the language is not required is not relevant.  135 Wn.2d at 102.  Moreover, the aggravator as a whole increased the penalty for the crime.

prove RCW 9.94A.535(3)(v) as described in the second amended information. The "major participant" additional element therefore applied only to the RCW 10.95 aggravator.

On the other hand, RCW 9.94A.535(3)(v) requires proof of a unique factor–actual knowledge that "the offender knew that the victim was a law enforcement officer." CP 67. This element of actual knowledge was not required to prove the aggravating factor in RCW 10.95.020(1) as previously submitted to the jury. RCW 10.95.020(1) requires only constructive knowledge; when the victim "reasonably should have been known" to be a law enforcement officer by the defendant. CP 38-41. Constructive knowledge does not meet the same level of proof for knowledge as actual knowledge. *See Allen*, 182 Wn.2d at 374-75.

Thus, because one aggravating circumstance requires proof that the defendant was a "major participant" while the other does not, and because the aggravating circumstances have different knowledge requirements, these offenses are not the same for purposes of double jeopardy under *Blockburger*. Consequently, double jeopardy does not prevent the State from charging Allen with the RCW 9.94A.535(3)(v) aggravators. Accordingly, we hold that the trial court erred in striking the RCW 9.94A.535(3)(v) aggravators from the charging document on this basis.

## III. COLLATERAL ESTOPPEL

The State argues that the trial court erred when it concluded that collateral estoppel barred retrial on the RCW 9.94A aggravating circumstances. We agree.

Collateral estoppel precludes an ultimate issue of fact from being litigated again between the same parties in a later lawsuit once a trier of fact already determined the issue by a valid and final judgment. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L. Ed. 2d 469 (1970);

*State v. Tili*, 148 Wn.2d 350, 360, 60 P.3d 1192 (2003). An "ultimate fact" is a fact "essential to the claim or the defense." *State v. Eggleston*, 164 Wn.2d 61, 74, 187 P.3d 233 (2008).

In Washington, the elements of collateral estoppel are:

> (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice.

*Moi*, 184 Wn.2d at 580, 360 P.3d 811 (2015) (quoting *State v. Williams*, 132 Wn.2d 248, 254, 937 P.2d 1052 (1997)).

For collateral estoppel purposes, a special verdict by a jury actually decides the facts at issue for future prosecutions. *Eggleston*, 164 Wn.2d at 72. We review issues of collateral estoppel de novo. *State v. Longo*, 185 Wn. App. 804, 808, 343 P.3d 378. 380 (2015). The party asserting collateral estoppel bears the burden of proof. *Moi*, 184 Wn.2d at 579.

Here, Allen fails to meet the first element of collateral estoppel because, as discussed above, the acquittal of RCW 10.95.020(1) as charged to the jury and resolved by special verdict is not identical to RCW 9.94A.535(3)(v) in the second amended complaint. Where a fact is necessary to prove RCW 10.95.020(1) that is not necessary to prove RCW 9.94A.535(3)(v), Allen cannot show that his prior acquittal on RCW 10.95.020(1) necessarily resolved the ultimate issues of fact in this case. The jury in Allen's acquittal had an independent basis to acquit Allen without resolving any other facts that are ultimately at issue here. Because Allen fails to meet his burden to show identical issues, Allen's collateral estoppel claim fails.

Allen primarily relies on *Moi*, 184 Wn.2d 575, 360 P.3d 811 (2015), in response to the State's argument. In *Moi*, a defendant was charged with murder and for the unlawful possession

of the murder weapon under the same constellation of facts. *Moi*, 184 Wn.2d at 577. Moi moved to sever his case, electing to have a trial by jury for the murder charge and a bench trial for the unlawful possession charge. *Moi*, 184 Wn.2d at 578. The jury was unable to reach a verdict on the murder charge, and the judge declared a mistrial. *Moi*, 184 Wn.2d at 578. Shortly after, the judge acquitted Moi of the unlawful possession charge. *Moi*, 184 Wn.2d at 578.

The State then recharged Moi, and he was convicted of murder. *Moi*, 184 Wn.2d at 578. Moi filed a personal restrain petition based on collateral estoppel, arguing that double jeopardy barred prosecution for murder with a gun he had been acquitted of possessing. *Moi*, 184 Wn.2d at 578-79. The State conceded that the first three elements had been met, and so the only issue before the court was whether application of the doctrine would work an injustice. *Moi*, 184 Wn.2d at 581. Our Supreme Court held that Moi had met his burden with respect to the elements of collateral estoppel, and so a successive prosecution for murder was barred by double jeopardy. *Moi*, 184 Wn.2d at 586.

Unlike in *Moi*, the parties here do dispute whether the issues decided in the prior adjudication are identical with the ones presented in the second amended indictment. They are not. Unlike in *Moi* where the State was required to prove that Moi necessarily possessed the gun that they accused him of using to commit a murder—a clearly identical fact required to prove unlawful possession of which *Moi* was acquitted—the State's attempted prosecution under RCW 9.94A.535(3)(v) is not inclusive of all the facts required to prove RCW 10.95.020(1) as charged to the jury. Thus *Moi* is not apt.

We hold that the trial court erred in in granting the motion to strike RCW 9.94A.535(3)(v) from the charging document on this basis.

15

No. 54007-0-II

## CONCLUSION

In conclusion, we hold that the law of the case doctrine did not preclude the trial court from considering issues of double jeopardy or collateral estoppel. However, because RCW 10.95.020(1) as charged to the jury is not the same offense as nor identical to RCW 9.94A.535(3)(v), we hold that the trial court erred in granting the motion to strike RCW 9.94A.535(3)(v) from the charging document because the State is not barred from prosecution under double jeopardy or collateral estoppel. We reverse and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C J.

Sutton, J.

16